# EXHIBIT 8

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 21-41019-tjt |
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

## PALLTRONICS INC.'S MOTION TO ENFORCE SALE ORDER AND FINDING OF CIVIL CONTEMPT AGAINST PALIOT SOLUTIONS LLC

Palltronics, Inc. ("Palltronics") files this *Motion to Enforce the Sale Order and for a Finding of Civil Contempt Against PaLIiot Solutions LLC*, stating as follows:

## I.  Preliminary Statement

PALIoT Solutions LLC ("PaLIot") has violated, and continues to violate, this Court's Sale Order.[1]  PaLIot should be ordered immediately to comply with the Sale Order and be held in civil contempt for its knowing and intentional violation of the Sale Order. PaLIot has been using and controlling the Debtor's LinkedIn Page on

---

[1] All capitalized terms used but not defined herein have the meanings ascribed to those terms in the *Order Authorizing (I) the Sale of Substantially All of Debtor's Assets Pursuant to 11 U.S.C. §§ 105, 363 and 365, (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) the Sale of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (IV) Granting Related Relief* [Doc. No. 244] ("Sale Order").

LinkedIn ("Debtor's LinkedIn Page"),[2] which was sold by the Trustee to Palltronics under the Sale Order and is the *exclusive* property of Palltronics, for its own benefit and gain.

PaLIot was the Back-Up Bidder for the Assets.[3] As such, not only is it intimately aware of the terms of the Sale Order, but it actively participated in the drafting of the Sale Order.[4] Nonetheless, this did not prevent PaLIot from violating the Sale Order. This Court should find that PaLIot violated the Sale Order, hold it in civil contempt, order it to immediately comply with the Sale Order, and also award Palltronics monetary and injunctive relief against PaLIot.

## II. Factual Background

### A. The Sale Order Required Paliot to Turn Over the Assets to Palltronics

1. On May 13, 2021, this Court entered the Sale Order. The Sale Order was immediately effective. Sale Order ¶ 29, p. 38.

---

[2] The Debtor's LinkedIn Page is attached as **Exhibit 6-4.** LinkedIn is the world's largest professional network on the internet. https://www.linkedin.com/help/linkedin/answer/111663/what-is-linkedin-and-how-can-i-use-it-?lang=enan I Use It? | LinkedIn Help

[3] PaLIot was founded by a former employee of the Debtor and is managed and controlled by former employees of the Debtor.

[4] PaLIot asked the Trustee to remove (or substantially modify) the very provision in the Sale Order (paragraph 9) which required persons and other entities, including PaLIot, to turn over to Palltronics all of the Assets purchased by Palltronics. It is now apparent why PaLIot made that request: It had Assets in its possession that it intended to use, and is using, in violation of the Sale Order.

- 2 -

2.      The Sale Order authorized and approved the Amended 363 Sale Asset Purchase Agreement between Fred J. Dery, in his capacity as Chapter 7 Trustee for the bankruptcy estate of Lightning Technologies Inc., Case No. 21-41019-tjt ("Trustee"), and Palltronics [Doc. No. 239] (as amended, "APA").

3.      Under the APA and the Sale Order, Palltronics acquired "Assets" of the Debtor, which included the Debtor's LinkedIn Page, free and clear of any and all "Interests."  APA ¶ 2; Sale Order ¶ 6.

4.      The term "Assets" was broadly defined under the APA to mean "all of the Debtor's and its bankruptcy estate's right, title and interest in and to the assets, properties, and other rights used, useful or capable of being used in connection with the Business (exclusive only of the Excluded Assets (as defined in Section 2.4 below))".  APA ¶ 2, p. 2.  The definition of Assets specifically included, but was not limited to, "the Intellectual Property (as defined and identified on Schedule 2.14 hereto)."  APA ¶ 2.1.4, p. 2. Schedule 2.1.4 included "Any website, domain name and customer portal." Schedule 2.1.4, ¶ (f), p. 27 of 60.  Further, Section 2.1.8 of the APA provided that the definition of Assets included "any other property or assets of the Debtor or its bankruptcy estate in existence at the time of the Closing that are not Excluded Assets (as defined in Section 2.4 below)."  APA ¶ 2.1.8, p. 3.

5.      The Sale Order expansively defined "Interests" in recitals R and S to include not only encumbrances, charges, claims and liens but also any claims or

38573592.10/160707.00002

other Interests that might impair either the title to or value of the Intellectual Property

or the ownership and exclusive use of the Intellectual Property by the Buyer.  Sale

Order ¶¶ R, S, pp. 14-18.

6.     The Sale Order further provided that:

> All of the Trustee's interests in the Assets to be acquired by the Buyer under the Final APA shall be, as of the Closing Date and upon the occurrence of the Closing and payment of the Purchase Price, transferred to and fully and irrevocably vested **exclusively** in the Buyer. Upon the occurrence of the Closing, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Assets acquired by the Buyer under the Final APA

Sale Order ¶ 23, p. 35 (emphasis added).

7.     The Debtor's LinkedIn Page on LinkedIn was not an Excluded Asset

(as defined by the APA) and was thus purchased by Palltronics from the Debtor "free

and clear of and from any and all Interests…." Sale Order ¶ 6, p. 23; **Exhibit 6-4,**

**The Debtor's LinkedIn Page.**

8.     To ensure that the Assets were provided to Palltronics, the Sale Order

required all persons or entities in possession of Assets to deliver them to Palltronics:

> Except for the Trustee and his professionals to the extent provided in paragraph 34 of this Sale Order, **all persons or entities which, as of or after the Closing Date, are in possession of some or all of the Assets are hereby ordered and directed to surrender possession of the Assets to the Buyer on the Closing Date** or at such time thereafter as the Buyer may request and, immediately after delivery of such Assets, to permanently erase or destroy all digital or other electronically stored copies. This directive includes, but is not limited to, the possession of the Assets, including any Intellectual Property and Electronically

- 4 -

Stored Property stored or kept electronically or digitally and all copies of Intellectual Property and Electronically Stored Property. **Any such person or entity, with notice of this Sale Order, shall be required to certify in writing to the Trustee and Buyer that such party has delivered all Assets and copies to the Buyer, and has permanently erased or destroyed all digital or other electronically stored copies.** In the event that the Back-Up Buyer becomes the Buyer, the immediately preceding sentence is inapplicable.

Sale Order, ¶ 9, pp. 25-26 (emphasis added).

9.      During the drafting process of the Sale Order, PaLIot's lawyers[5] asked the Trustee to remove (or significantly modify) the penultimate sentence (which is bolded) in paragraph 9 of the Sale Order (even though it clearly would have been beneficial to any buyer of the Assets, including PaLIot, if the sale with Palltronics had failed to close). **Exhibit 6-1, Email from PaLIot's lawyers**.[6] The Trustee denied the request and the sentence was included in the Sale Order. Notably, PaLIot did not object to the Sale Order.

---

[5] PaLIot's lawyers participated in the drafting process of the Sale Order because PaLIot was the Back-Up Bidder. In that regard, the Sale Order also authorized the Trustee to consummate a sale with PaLIot as the Back-Up Bidder, with an offer of $3.5 million, if Palltronics had failed to close. Sale Order, p. 3-4, 22-23; Eisenberg Declaration ¶ 10, Doc. No. 228.

[6] PaLIot's lawyers wrote "FRE 408" on the email attached as Exhibit 6-1. However, Federal Rule of Evidence 408 does not apply by its terms to the email. And, even if the Rule did apply, Palltronics is not offering Exhibit 6-1 for any of the inadmissible purposes identified in Federal Rule of Evidence 408.

- 5 -

10.     The Trustee closed the sale of the Assets on May 26, 2021, and Palltronics paid the $5 million purchase price. *Trustee's Report of Sale*, Doc. No. 262.

11.     In accordance with paragraph 9 of the Sale Order, on June 2, 2021, Palltronics demanded that PaLIot deliver all Assets, including Intellectual Property and Electronically Stored Data, to Palltronics. **Exhibit 6-2, June 2 Letter**.   Other than two laptops, PaLIot responded that it had none by its letter dated June 8, 2021. **Exhibit 6-3, June 8 Letter.**  This was not true.

### B.     PaLIot Violates the Sale Order

12.     PaLIot's response in the June 8 Letter was false because it is using and controlling the Debtor's LinkedIn Page. **Exhibit 6-4, the Debtor's LinkedIn Page**.

13.     The top left portion of the Debtor's LinkedIn Page includes the Lightning Technologies logo and the webpage states that it is Lightning Technologies.

14.     However, a few lines below the Lightning Technologies' logo is a link which states "Visit website" in blue lettering. *See* **Exhibit 6-4**. When the "Visit website" linked is clicked, a website for PaLIot (the "PaLIot Website") appears.  A copy of the PaLIot Website is attached as **Exhibit 6-5**.  Further down the Debtor's LinkedIn Page, the PaLIot Website address – http://www.PALIoTSolutions.com also appears.

- 6 -

15.     The first page of the Debtor's LinkedIn Page states that there are 188 followers ("Followers"). **Exhibit 6-4.** Each of these Followers has been misled as to the affiliation between PaLIot and the Debtor. Others who are not followers but have viewed the Debtor's LinkedIn Page have also been misled.

16.     There is a phone number listed next to the PaLIot Website address – 248-829-9455 ("Phone Number"). When this number was called, a man who introduced himself as Rich picked up the phone. Upon information and belief, Rich is Richard McDonald, the former President of Lightning Technologies Canada and Chief Sustainability and Business Solutions Office of Lightning Technologies. *See* **Exhibit 6-6, LinkedIn webpage of Richard MacDonald.**[7]    Other former employees of the Debtor are now employed by PaLIot. *See* **Exhibit 6-7, LinkedIn webpage of Paul Barry; Exhibit 6-8, LinkedIn webpage of Michael LaCrosse.**

17.     Early on in this bankruptcy case, in connection with the Trustee's motion to confirm that the Debtor's email system was property of the estate,[8] Palltronics raised concerns that some of the Debtor's employees, including Mr.

---

[7] Palltronics also sent a letter to Mr. MacDonald demanding that Mr. MacDonald deliver all Assets to Palltronics in accordance with paragraph 9 of the Sale Order. Mr. MacDonald replied to this request on June 10. **Exhibit 6-10, June 10 Letter**. In the June 10 Letter, Mr. MacDonald stated that he had a limited number of emails. He did not mention the Debtor's LinkedIn Page.

[8] This motion was filed at docket number 169. Four former employees of the Debtor objected to the motion. Doc. No. 180. The Court overruled the objections and granted the motion. Doc. No. 189.

MacDonald, sent numerous emails with attachments using the Debtor's email system *after* the bankruptcy filing when they should not have had access to the email system. *Response of Palltronics and Solyco Advisors*, Doc. No. 175, pp. 2-3. One such email was sent from Mr. MacDonald to Mr. Barry even though Mr. Barry was the principal of PALIoT. Palltronics also apprised the Court that in April, 2021, it received a report from the forensic investigator retained by the Trustee that four former employees of the Debtor downloaded a large number of documents and deleted a large number of files. *Id.*, p. 3. Palltronics sought further discovery on this point in the bankruptcy case but some of these individuals, including Mr. MacDonald, evaded service of subpoenas. Doc. Nos. 182, 183. It appears that PALIoT did exactly what Palltronics suspected when it raised these concerns with the Court: misappropriating the Debtor's property.

18.     PaLIot's unauthorized use and control of the Debtor's LinkedIn Page violates the Sale Order because this Asset was sold to Palltronics free and clear of all Interests and was *exclusively* vested in Palltronics.

## III.  Argument

### C.  PaLIot Should be Held in Civil Contempt

19.     This Court should find that PaLIot violated the Sale Order and hold it in civil contempt. PaLIot violated the Sale Order by not surrendering possession of

the Debtor's LinkedIn Page to Palltronics, and then lying about it in the June 8 Letter.

**Exhibit 6-3, June 8 Letter.**

20.    This Court has identified the requirements for a finding of civil

contempt:

> the elements that must be proven for a court to find a party in civil
> contempt are that (1) the party violated a definite and specific order of
> the court requiring him to perform or refrain from performing a
> particular act or acts; (2) the party did so with knowledge of the court's
> order; and (3) there is no fair ground of doubt as to whether the order
> barred the party's conduct—*i.e.*, no objectively reasonable basis for
> concluding that the party's conduct might be lawful.  And at least as to
> the first two of these elements, the moving party must prove them by
> clear and convincing evidence.

*City of Detroit, Mich.*, 614 B.R. at 265–66.

21.    All three elements are satisfied:  First, PaLIot violated the Sale Order

because it has not surrendered possession of the Debtor's LinkedIn Page.  Sale Order

¶ 9.

22.    Second, by email dated January 28, 2022, Palltronics informed PaLIot's

lawyers that PaLIot had violated the Sale Order by providing its lawyers with a draft

of this Motion.  **Exhibit 6-9, January 2022 Email.** Yet, PaLIot has not turned over

the Debtor's LinkedIn Page.

23.    Finally, there is no fair ground of doubt as to whether the Sale Order

prohibited PaLIot's conduct.  The Sale Order clearly provided that PaLIot was to

deliver any Assets, including the Debtor's LinkedIn Page, to Palltronics.  PaLIot was

even reminded to do so by the June 2 Letter. However, PaLIot falsely claimed in its June 8 Letter that it was not in possession of any Assets. As such, there is no fair ground of doubt as to whether the Sale Order barred PaLIot's conduct. There is no objectively reasonable basis for concluding that PaLIot's conduct "might be lawful" and not barred by the Sale Order. If PaLIot or its attorneys interpreted the Sale Order otherwise, that was based on an objectively unreasonable understanding of the Sale Order. Consequently, this Court should hold PaLIot in civil contempt.

### D. The Court Should Award Compensatory Monetary Relief and Injunctive Relief

24. The Court has discretion to award compensatory monetary relief and injunctive relief against a party that it finds in civil contempt. *In re City of Detroit, Michigan*, 614 B.R. 255, 273-74 (Bankr. E.D. Mich. 2020).

25. Here, the Court should award compensatory monetary relief and injunctive relief to Palltronics.

26. First, the Court should award Palltronics its attorneys' fees and costs related to or arising from the drafting, filing and prosecution of this Motion.

27. Second, this Court should grant Palltronics leave to conduct written discovery and depositions to determine (a) the nature and extent of the damages sustained by Palltronics arising from or relating to PaLIot's violation of the Sale Order and (b) whether PaLIot failed to surrender any other Assets. *See* Local Bankruptcy Rule 7026-3.

28.     Third, this Court should order that PaLIot immediately turn over the Debtor's LinkedIn Page to Palltronics, including any and all necessary related information, such as usernames and passwords.

29.     Fourth, this Court should order PaLIot to provide Palltronics with (a) a list of the Followers and the contact information, including, without limitation, the phone number, email address, company name, and individual name for each Follower, (b) a list of all click throughs from the Debtor's LinkedIn Page to the PaLIot Website,  and (c) the phone records for the Phone Number from May 1, 2021, through the date that the Phone Number is removed from the Debtor's LinkedIn Page ("Time Period"). The phone records should include, without limitation, all incoming calls to the Phone Number during the Time Period. Palltronics should have the right to call each and every person that called the Phone Number during the Time Period to advise such caller that PaLIot falsely held itself out as the Debtor (or Palltronics).

30.     Finally, Palltronics requests that any order entered by the Court be without prejudice to Palltronics' right to seek additional damages and equitable relief from PaLIot.[9]

---

[9] Although not presently before this Court, PaLIot is also in violation of section 43(a) of the Federal Lanham Act.  This Act designates unlawful acts that constitute unfair competition and is specifically designed to protect the public from deceptive business practices.  Violations of Section 43(a) include any person who, on or in connection with any goods or services, uses any word, term, name, or symbol that is likely to deceive as to the affiliation, connection or association as to the origin,
*Continued on next page.*

- 11 -

31.     Palltronics sought, but did not receive, concurrence to the relief requested in this Motion.  *See* **Exhibit 6-9.**

## IV.     Conclusion

Palltronics asks the Court to enter an order in substantially the same form as the one attached as **Exhibit 1** granting the relief requested in this Motion and any additional relief the Court may deem proper.

> Respectfully submitted,
>
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>
> By:  /s/ Marc N. Swanson
>        Steven A. Roach (P39555)
>        Marc N. Swanson (P71149)
>        150 West Jefferson, Suite 2500
>        Detroit, MI  48226
>        Phone: (313) 496-7591
>        Fax: (313) 496-8452
>        swansonm@millercanfield.com

Dated: January 28, 2022

---

sponsorship, or approval of commercial activities by another person.  PaLIot willfully and intentionally modified the Debtor's LinkedIn Page to deceptively represent to the public an "affiliation, connection and association" with the Debtor by linking the PaLIot Website to the Debtor's LinkedIn Page.

- 12 -

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with
E. D. Mich. LBR 9014-1(c).

Exhibit 1      Proposed Form of Order

Exhibit 2      Notice of Motion and Opportunity to Object

Exhibit 3      None

Exhibit 4      Certificate of Service

Exhibit 5      None [No Affidavits Filed Specific to This Motion]

Exhibit 6-1   Email from PaLIot's lawyers.

Exhibit 6-2   June 2 Letter

Exhibit 6-3   June 8 Letter

Exhibit 6-4   Debtor's LinkedIn Page

Exhibit 6-5   PaLIot Website

Exhibit 6-6   LinkedIn webpage of Richard MacDonald

Exhibit 6-7   LinkedIn webpage of Paul Barry

Exhibit 6-8   LinkedIn webpage of Michael LaCrosse

Exhibit 6-9   January 2022 Email

Exhibit 6-10 June 10 Letter

## **EXHIBIT 1 – PROPOSED ORDER**

## **UNITED STATES BANKRUPTCY COURT**
## **EASTERN DISTRICT OF MICHIGAN**
## **SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 21-41019-tjt |
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

## **[PROPOSED] ORDER GRANTING PALLTRONICS INC.'S MOTION TO ENFORCE SALE ORDER AND FINDING OF CIVIL CONTEMPT AGAINST PALIOT SOLUTIONS LLC**

This matter comes before the Court upon the filing of the *Motion to Enforce the Sale Order and for a Finding of Civil Contempt Against PaLIot Solutions LLC* ("Motion," Doc. No. [ ])[1]; and the Court being otherwise advised in the premises;

IT IS FOUND THAT PaLIot has violated, and is in civil contempt of, this Court's *Order Authorizing (I) the Sale of Substantially All of Debtor's Assets Pursuant to 11 U.S.C. §§ 105, 363 and 365, (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) the Sale of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (IV) Granting Related Relief* ("Sale Order," Doc. No. 244).

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

IT IS HEREBY ORDERED that

1.      The Motion is granted.

2.      Within one day of the entry of this Order, PaLIot shall immediately turn over to Palltronics the Lightning Technologies, Inc's webpage on LinkedIn, a copy of which was attached to the Motion as Exhibit 6-4 (the "Debtor's LinkedIn Page"), including any and all necessary related information, such as usernames and passwords.

3.      Palltronics is awarded its attorneys' fees and costs related to or arising from the drafting, filing and prosecution of the Motion. Palltronics shall file a statement of such costs and fees within ten days of the entry of this Order. PaLIot is liable for the entire amount of the fees and costs identified on such statement. This order shall constitute a judgment against PaLIot for the entire amount of the fees and costs.

4.      Palltronics is granted leave to conduct written and oral discovery against PaLIot to determine (a) the nature and extent of the damages sustained by Palltronics arising from or relating to PaLIot's violation of the Sale Order and (b) whether PaLIot failed to surrender any other Assets.

5.      Within two days of the entry of this Order, PaLIot shall provide to Palltronics (a) a list of the Followers and the contact information, including, without limitation, the phone number, email address, company name, and individual name

for each Follower, (b) a list of all click throughs from the Debtor's LinkedIn Page to the PaLIot Website,  and (c) the phone records for the Phone Number from May 1, 2021, through the date that the Phone Number is removed from the Debtor's LinkedIn Page ("Time Period"). The phone records shall include, without limitation, all incoming calls to the Phone Number during the Time Period. Palltronics shall have the right to call each and every person that called the Phone Number during the Time Period to advise such caller that PaLIot falsely held itself out as the Debtor (or Palltronics).

6.      This Order is without prejudice to Palltronics' right to seek additional damages and equitable relief from PaLIot.

7.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: | Case No. 21-41019-tjt |
|---|---|
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

**NOTICE OF MOTION AND OPPORTUNITY TO OBJECT TO**
**PALLTRONICS INC.'S MOTION TO ENFORCE SALE ORDER AND**
**FINDING OF CIVIL CONTEMPT AGAINST PALIOT SOLUTIONS LLC**

Palltronics, Inc. ("Palltronics") by its attorneys has filed papers with the court for an order granting *Motion to Enforce the Sale Order and for a Finding of Civil Contempt Against PaLIot Solutions LLC* ("Motion").

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the court to enter an order granting Palltronics's Motion, within 14 days, you or your attorney must:

1.     File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 West Fort Street
Detroit, Michigan 48226

---

[1]  Response or answer must comply with Federal Rule of Civil Procedure 8.

38573592.10/160707.00002

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to the below individual early enough that he will **receive** it on or before the date stated above:

> Marc N. Swanson
> Miller, Canfield, Paddock & Stone, PLC
> 150 West Jefferson, Suite 2500
> Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of that hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>
> By: /s/ Marc N. Swanson
> Marc N. Swanson (P71149)
> 150 West Jefferson, Suite 2500
> Detroit, MI 48226
> Phone: (313) 496-7591
> Fax: (313) 496-8452
> swansonm@millercanfield.com

Dated: January 28, 2022

- 2 -

## **EXHIBIT 3**

Not Applicable

## EXHIBIT 4 – CERTIFICATE OF SERVICE

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| In re: | Case No. 21-41019-tjt |
|---|---|
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

### CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I electronically filed the foregoing *Motion to Enforce the Sale Order and for a Finding of Civil Contempt Against PaLIot Solutions LLC* ("Motion") with the Clerk of the Court via the Court's ECF electronic filing system which will provide notice to all registered participants in this matter.

The undersigned further certifies that on January 28, 2022, copies of the Motion were served upon the following, via first class mail and email, as indicated:

PALIoT Solutions LLC
102 Fulton Street, 4W
New York, NY 10038
Email: info@paliotsolutions.com

C. Luckey McDowell
Shearman & Sterling LLP
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
Email: luckey.mcdowell@shearman.com

38573592.10/160707.00002

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
    Steven A. Roach (P39555)
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, MI 48226
    Phone: (313) 496-7591
    Fax: (313) 496-8452
    swansonm@millercanfield.com

Dated: January 28, 2022

38573592.10/160707.00002

# **EXHIBIT 5**

Not Applicable

# **EXHIBIT 6-1**

**Swanson, Marc N.**

| | |
|---|---|
| **From:** | Luckey McDowell <Luckey.McDowell@Shearman.com> |
| **Sent:** | Friday, May 7, 2021 4:24 PM |
| **To:** | 'Dean Nelson'; Roach, Steven A.; Erika Hart |
| **Cc:** | Jordan Wishnew; Swanson, Marc N.; Green, Jonathan S.; Spinner, Ronald A. |
| **Subject:** | RE: Final Sale Order [MCPS-ACTIVE.FID2646015] |
| **Attachments:** | Sale Order - TLF Edits 5.7.21.docx |

**CAUTION EXTERNAL EMAIL:** DO NOT open attachments or click links from unknown or unexpected emails.

Subject to FRE 408.

Thank you, Dean.  I really appreciate the changes that have been made to the order to accommodate our concerns.  I think we are down to the single issue in paragraph 9 where the order requires anyone in the world to make a certification upon demand from Palltronics that, among other things, they have destroyed "Intellectual Property."  There are two fundamental problems with this request.  First, it's procedurally improper to compel unnamed parties to take such actions absent an adversary proceeding; merely showing them the order does not cure this problem.  Second, the far-reaching definition of Intellectual Property in the Palltronics APA acerbates the problem because you are asking for relief you may not be entitled to.  For example, IP is defined in the APA to include "knowledge, ideas, research and development, know-how, data or any other information or technique relating to the Business."  You can't use this order to compel third parties to erase "information relating to the Business" and then also certify that they've done that.  Free and clear provisions in 363 are a shield from claims, not a sword to attack others.  The buyer can acquire IP—even as broadly drafted—but whether that acquisition then entitles the buyer to successfully sue a competitor in the future is the subject of future litigation and cannot be preempted by language in this order.

Including this provision makes the order unacceptable to Paliot—jeopardizing your back-up bid—and also will draw objections at the sale hearing if the language remains.

**C. Luckey McDowell**
Partner & Co-Head of Financial Restructuring

Shearman & Sterling LLP
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
Office: +1.214.271.5350 | Mobile: +1.214.403.0649
VCard | Bio | luckey.mcdowell@shearman.com

**From:** Dean Nelson <dnelson@tauntlaw.com>
**Sent:** Friday, May 07, 2021 2:47 PM
**To:** Roach, Steven A. <roach@millercanfield.com>; Erika Hart <ehart@tauntlaw.com>
**Cc:** Luckey McDowell <Luckey.McDowell@Shearman.com>; Jordan Wishnew <Jordan.Wishnew@Shearman.com>; Swanson, Marc N. <swansonm@millercanfield.com>; Green, Jonathan S. <green@millercanfield.com>; Spinner, Ronald A. <spinner@millercanfield.com>
**Subject:** RE: Final Sale Order [MCPS-ACTIVE.FID2646015]

Steve and Luckey (and everyone else):

By way of summary, we filed a proposed sale order on Monday.  Soon thereafter, we received changes from PaLIot.  Erika then suggested that PaLIot and Palltronics come to terms on a proposal, after which the Erika and I would

review that draft.  Palltronics then responded, minimally to me and Erika, with what I believe is now 3 separate (and different) drafts, all of which were prompted by ever evolving email exchanges and telephone conferences with the parties.  I mention this history solely to say that, if there was a version outside this series of events, Erika and I did not see it.

Here is what I believe to be the Trustee's response to all requested changes.  Given that we have 4 documents to choose from, this is redlined to Steve's most recent draft from 2:28 pm today, although ultimately I believe the Court will want to see the redlined version based on the originally filed document.  You are certainly free to compare it yourself to any draft in your possession.

I understand this is still a work in progress and I know neither party has signed off on these changes.

In the Trustee's view, nothing requires a supplement by today's objection deadline, although we certainly would opt for filing it sooner rather than later.  My hope is to file an agreed upon order but understand that due to it being late on a Friday, that might not be possible until Monday.

Dean

*Dean R. Nelson, Jr.*
700 E. Maple Road, Birmingham, MI 48009
Main (248) 644-7800/Direct (248) 644-1054
dnelson@tauntlaw.com | www.tauntlaw.com



**From:** Roach, Steven A. <roach@millercanfield.com>
**Sent:** Friday, May 7, 2021 2:28 PM
**To:** Erika Hart <ehart@tauntlaw.com>
**Cc:** Dean Nelson <dnelson@tauntlaw.com>; Luckey McDowell <Luckey.McDowell@Shearman.com>; Jordan Wishnew <Jordan.Wishnew@Shearman.com>; Swanson, Marc N. <swansonm@millercanfield.com>; Green, Jonathan S. <green@millercanfield.com>; Spinner, Ronald A. <spinner@millercanfield.com>
**Subject:** Final Sale Order [MCPS-ACTIVE.FID2646015]

Erika,

Attached is the form of the sale order acceptable to Buyer, in accordance with the terms of the APA. The redline is to the draft sent yesterday afternoon.

At this point, we plan to file the attached with the Court later today.

Please note that we are open to working with you further on the revised language in Section 34.

Regards,

Steve

**Steven A. Roach** | Attorney and Counselor at Law
**Miller Canfield**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226 (USA)
**T** +1.313.496.7933 | **F** +1.313.496.8451 | **Mobile** +1.313.418.6030
roach@millercanfield.com | View Profile + VCard

  

This electronic message and all of its contents and attachments contain information from the law firm of Miller, Canfield, Paddock and Stone, P.L.C. which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, then any disclosure, copying, distribution or use of this message, or its contents or any of its attachments, is prohibited. If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.

This communication and any attachments may be privileged or confidential. If you are not the intended recipient, you have received this in error and any review, distribution or copying of this communication is strictly prohibited. In such an event, please notify us immediately by reply email or by phone (collect at 212-848-4000) and immediately delete this message and all attachments.

# **EXHIBIT 6-2**

# PALLTRONICS, INC

400 Water Street, Suite 203
Rochester, Michigan 48307

June 2, 2021

To:      All Shareholders and Affiliates of the Bankruptcy Estate of Lightning Technologies, Inc.

Re:      Lightning Technologies, Inc.: Notice of Sale of Assets, Demand for Turnover of Assets
in       your Possession, and Demand for Certification of Deletion of Electronically Stored
         Property

**Notification to Parties with Possession of Assets**

On behalf of Palltronics, Inc. ("Palltronics"), please be advised of the following:

On February 5, 2021, several unsecured creditors filed an involuntary bankruptcy proceeding
against Lightning Technologies (the "Debtor") in the U.S. Bankruptcy Court for the Eastern
District of Michigan, being Case No. 21-41019-tjt (the "Bankruptcy Proceeding"). Shortly
thereafter, a Chapter 7 Trustee (the "Trustee") was appointed over the Debtor, who promptly
undertook a sale process. After a fulsome sale process, Palltronics was the Winning Bidder, and
the Bankruptcy Court then entered its Sale Order, a copy of which is attached.

Please be advised that Palltronics closed on the purchase of the Assets (as that term is defined in
the Sale Order) on May 26, 2021, and now owns the Assets, free and clear of any and all liens
and encumbrances. The Assets include without limitation Intellectual Property and Electronically
Stored Property.

The Sale Order defines "Intellectual Property" as the property identified in Schedule 2.1.4, which
is attached. The Sale Order defines "Electronically Stored Property" as:

> "the Debtor's Citrix ShareFile, the Debtor's S Drive, any internal or external hard drives
> or thumb drives of the Debtor, any laptops or other computers of the Debtor, any
> information contained within any of the foregoing, and the Office 365 Account of the
> Debtor and any emails and other information contained within it pursuant to the Court's
> Order and Opinion [Docket No. 189]"

Pursuant to Section 9 of the Sale Order, any person or entity must deliver to Palltronics the
Assets, including the Intellectual Property and the Electronically Stored Property. After
delivering same, such person or entity then must (a) permanently erase or destroy all digital or
other electronically stored copies of same and (b) certify in writing to the Trustee and Palltronics

that such party both has delivered all Assets and copies to Palltronics and has permanently erased or destroyed all digital or other electronically stored copies of same.

Please note that the Bankruptcy Court retained jurisdiction to enforce the terms of the Sale Order.

Please deliver all such Assets to the undersigned, together with the required certification. For electronically stored Assets, please contact the undersigned to arrange for delivery of same.


Martin DiFiore
On behalf of the Board of Directors
Palltronics, Inc.

# **EXHIBIT 6-3**

38573592.10/160707.00002

**PALIoT SOLUTIONS LLC**
102 Fulton Street, 4W
New York, NY 10038

June 8, 2021

**Via Email (Roach@MillerCanfield.com)**

Miller, Canfiled, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Attention: Steven Roach

Re:     **Response to Turnover Demand**

Mr. Roach:

PALIoT Solutions LLC ("PALIoT") is in receipt of your letter dated June 2, 2021, whereby you make demand for turnover and certain certifications related to that certain *Amended 363 Sale Asset Purchase Agreement* (the "APA") and (ii) that related *Order Authorizing (i) The Sale of Substantially All of Debtor's Assets Pursuant to 11 U.S.C. §§ 105, 363 and 365, (ii) The Assumption And Assignment of Certain Executory Contracts And Unexpired Leases in Connection Therewith, (iii) The Sale of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (iv) Granting Related Relief.*

Upon receipt of your letter, I made reasonable inquires to determine whether PALIoT was in possession of any Assets (as defined in Section 2.1 of the APA) or any Intellectual Property (as defined in Schedule 2.1.4 to the APA). During my inquiry, I learned that two individuals were each in possession of a laptop that had been provided by Lightning Technologies Inc. during such individuals' prior affiliation with Lightning. PALIoT has never had, nor currently has, possession or control over such laptops, but I have nonetheless recommended that the individuals contact you or the trustee to arrange for the return of such materials. Subject to the foregoing, PALIoT hereby certifies that it is not in possession of any Assets (as defined in Section 2.1 of the APA) or any Intellectual Property (as defined in Schedule 2.1.4 to the APA).

**PALIoT Solutions LLC**

*Paul Barry*

By:_____
Name:   Paul Barry
Title:    CEO of PALIoT Solutions LLC

**<u>EXHIBIT 6-4</u>**

 



# Lightning Technologies

THE MOST TECHNOLOGICALLY ADVANCED PALLET ON THE PLANET™

Logistics & Supply Chain · Oxford, Michigan · 188 followers

See all 5 employees on LinkedIn

Follow    Visit website ↗    More

Home    **About**    Posts    Jobs    People

---

## Overview

Creating cleaner, safer, hyperconnected global supply chains via pallet design innovation, next generation IoT and on-demand customer data analytics.

**Website**
http://www.PALIoTSolutions.com

**Phone**
248-829-9455

**Company size**
11-50 employees
5 on LinkedIn 🔢

**Headquarters**
Oxford, Michigan

**Founded**
2021

**Specialties**
Logistics, High Tech Pallets, Pallet Pooling, Carbon Methodologies, and Food Safety

 

5

Home     My Network     Jobs

## Locations (1)

Primary

2171 Xcelsior Dr, Oxford, Michigan 48371, US

Get directions ↗

Ad  •••

Marc, stay informed on industry news and trends

 

Marc, Get the latest on **Bender Inc.** News, Jobs, and More!

Follow

## Pages people also viewed

 

5

Home     My Network     Jobs

+ Follow

**Global Asset Rental**
Logistics & Supply Chain
383 followers

+ Follow

**Paxxal Inc.**
Packaging & Containers
371 followers

+ Follow

See all similar pages

**EXHIBIT 6-5**



**P A L I o T**

# Creating cleaner, safer, hyperconnected global supply chains via pallet design innovation, next generation IoT and on-demand customer data analytics.



## GLOBAL REACH

PALIoT Solutions will manufacture and pool pallets around the world to support our customers' global operations. Pallets will be available in the right size and specification for each region, each of them equipped with a proprietary IoT sensor with distinct communication protocols but a common cloud-based-platform and customer interface.



## LOCAL EXECUTION

PALIoT intends to be to be the first verified, carbon neutral pallet pooler in the world. PALIoT will achieve this goal by combining a regional manufacturing base with local wash and re-distribution hubs, manufacturing and managing lightweight, edge-rackable pallets. PALIoT will reduce the miles travelled when empty pallets are delivered to customers and will minimize the backhaul miles together with a light-weight asset, all verifiably tracked with PALIoT technology.

## CIRCULAR DISTRIBUTION

The heart of the PALIoT Mission is the re-use, recyclability, and limited repair of the physical pallet. The PALIoT pooling solution has factored this into our pallet so as to contribute in a meaningfully positive way to the goals of less waste, less energy squandered moving pallets around and less man-hours required to manage the assets. The PALIoT solution will result in complete supply chain transparency and an early example of the "Circular Economy" in action.

**EXHIBIT 6-6**

 

Home   My Network   Jobs





# Richard MacDonald · 2nd
CTO / CSO PALIoT Solutions LLC

- PALIoT Solutions LLC
-  University of Alberta

Detroit Metropolitan Area · **Contact info**

**500+** connections

 **1 mutual connection:** Michelle Klassen "MK" Merrigan

Connect   Message   More

## About

- Focused on strategy, product and service management and business development
- Experience at Fortune 500 companies , as well as founding global technology companies
- Interest in disruptive technological innovations and creating value for all  ...see more

## Activity
4,007 followers

### Richard hasn't posted lately
Richard's recent posts and comments will be displayed here.

See all activity



Home    My Network    Jobs

### Chief Technology Officer, Chief Sustainability Officer, Co-Founder

PALIoT Solutions LLC · Full-time
Sep 2020 - Present · 1 yr 5 mos
United States, Canada

Development and launch of a new IoT, lightweight, phytosanitary pooled pallet. Responsible for the architecture and development of the t  ...see more

---

### President Lightning Technologies Canada

Lightning Technologies Canada Inc.
Nov 2018 - Nov 2020 · 2 yrs 1 mo
Toronto, Canada Area

Responsible for Canadian Cold Chain and Pharma pallet pooling and business development, and global Sustainabilty integration for Client

---

### Chief Sustainability & Business Solutions Officer

Lightning Technologies · Full-time
Nov 2018 - Aug 2020 · 1 yr 10 mos
USA, Canada

Responsible for improving sustainability and GHG solutions for our cold chain supply clients and the integration and continued development of IoT

---

### Chief Sustainability & Business Development Officer

Chainvu - Axios - Crbn
Apr 2018 - Oct 2018 · 7 mos
Toronto - New York

Responsible for rollout and adoption of Carbon Protocol, Chainvu Sensor and SaaS sales, Business and Market development, Capital raises and joint

---

### EVP

Axios - ChainVu - Crbnn
Jan 2018 - Mar 2018 · 3 mos
Toronto, New York

New blockchain logistics technology enabler services & devices (temperature, shock & motion sensors; Carbon protocol verification tracking

---

See all 11 experiences

### Education

 

6

Home    My Network    Jobs

1982 - 1985

 **St. Andrew's College**

1976 - 1981

## Skills

**Start-ups** · 77

 Endorsed by DR. CINDY GORDON and 1 other who is highly skilled at this

 Endorsed by 17 colleagues at Magna International

**Strategic Planning** · 67

 Endorsed by Nick Frakes who is highly skilled at this

 Endorsed by 17 colleagues at Magna International

**New Business Development** · 47

 Endorsed by 11 colleagues at Magna International

See all 35 skills

## Patents

**Shipping Pallet**
US US D673,754 S · Issued Jan 1, 2013

**Shipping Pallet**
US US D650,546 S · Issued Dec 13, 2011

## Interests

**Influencers**    Companies    Groups    Schools

 

6

Home      My Network      Jobs

1,032,881 followers

**Richard Branson** 
Founder at Virgin Group
19,658,419 followers

## Causes

Animal Welfare • Disaster and Humanitarian Relief • Economic Empowerment •
Environment • Health • Politics • Poverty Alleviation • Science and Technology

Promoted                                                              • • •

  **IBM MDM User Group Meet**
Register Now for the Virtual Event on
Thursday, February 10.                                        ⟩

**Become an Engineer Leader**
M.Eng. in engineering management
online. STEM bachelor's required. No
GRE.                                                                    ⟩

**Add "Law" To Your Resume**
Online Master of Legal Studies in 1 year
from WashU, no GRE/LSAT required.            ⟩

## People you may know

  **Sean Rucker**
Associate Attorney at Miller Canfield

( Connect )

  **Amanda Rauh-Bieri**
Associate at Miller Canfield

( Connect )

  **Gergana Sivrieva**
Associate Attorney at Miller Canfield

( Connect )

 

6

Home     My Network     Jobs



Connect

**Jessica Pask**
Associate Counsel, Kelly Services

Connect



**in** L E A R N I N G

Add new skills with these courses, free for 24 hours

**Conquering Freak-Outs and the Fear of Failure**

1,512 viewers

**AWS: Enterprise Security**

10,550 viewers

**Using Public Health Data Sources**

3,663 viewers

Show more on LinkedIn Learning



Promoted                                    •••

Add "Law" To Your Resume
Online Master of Legal Studies in 1 year     ❯
from WashU, no GRE/LSAT required.

Learn to Lead Engineers
Vanderbilt master's in engineering           ❯
management online: No GRE required.

Virtual program.
Rethink your firm's business model and       ❯
unleash the power of AI. Apply now.

 

6

Home     My Network     Jobs

**<u>EXHIBIT 6-7</u>**

 

Home  My Network  Jobs



# Paul Barry · 3rd

Founder & Chief Executive at PALIoT

- PALIoT Solutions
- University College Cork

New York, New York, United States · Contact info

500+ connections

Connect    More

## About

Experienced C- level operator with a track record of building successful companies from the point of inception, acting in the CEO or CFO role. Prior to industry, held various positions in M&A, leveraged finance and venture capital at financial institutions.

## Activity

1,027 followers

**Paul hasn't posted lately**

Paul's recent posts and comments will be displayed here.

See all activity

 

6

Home    My Network    Jobs

PALIoT Solutions · Full-time
Jan 2021 - Present · 1 yr 1 mo
Detroit Metropolitan Area

PALIoT is creating cleaner, safer, hyperconnected global supply chains via pallet design innovation, next generation IoT and on-demand customer data

### Board Member
Otto Tech Systems, Inc.
Aug 2019 - Present · 2 yrs 6 mos
New York, United States

 ### Interim Chief Financial Officer
Lightning Technologies
Mar 2020 - Sep 2020 · 7 mos
Detroit Metropolitan Area

 ### President / CFO
Global Keg
Jan 2015 - Jul 2019 · 4 yrs 7 mos

 ### Chief Development Officer
Qnective AG
Dec 2008 - Dec 2014 · 6 yrs 1 mo

Head of all new business development

See all 8 experiences

## Education

 ### University College Cork
BE, Electronic/Electrical Engineering
1996 - 2000

## Skills

### Corporate Finance · 23

 Endorsed by 3 colleagues at Qnective AG

 

**Venture Capital** · 19

 Endorsed by 3 colleagues at Qnective AG

---

See all 21 skills

## Languages

**English**
Native or bilingual proficiency

---

**German**
Professional working proficiency

## Interests

**Companies**     Groups     Schools

---

 **University College Cork**
123,989 followers

---

**PH3** **PH3 Agency + Brewery**
843 followers

See all 9 companies

Ad  •••

Keep up with interesting, relevant updates

 

Marc, you might like to follow **HPE
ENGAGE & GROW**

Follow

 

6

Home    My Network    Jobs



**Richard MacDonald** • 2nd
CTO / CSO PALIoT Solutions LLC

[ Connect ]



**Marty DiFiore** • 2nd
Chief Operating Officer at Lightning Technologies

[ Connect ]

**Richard McClelland** • 3rd
Chief Marketing Officer at Global Keg

[ Message ]



**Cody Gehrig** • 3rd
Operations Manager at Lightning Technologies

[ Message ]

**Michael Pappas** • 3rd
Assurance Associate at RSM US LLP

[ Message ]

Show more ⌄

---

**People you may know**



**Sean Rucker**
Associate Attorney at Miller Canfield

[ Connect ]



**Amanda Rauh-Bieri**
Associate at Miller Canfield

[ Connect ]



**Gergana Sivrieva**
Associate Attorney at Miller Canfield

[ Connect ]

 

6

Home   My Network   Jobs



**Jessica Pask**
Associate Counsel, Kelly Services

Connect

Show more ⌄

**in** LEARNING

Add new skills with these courses, free for 24 hours

Conquering Freak-Outs and the Fear of Failure

1,512 viewers

AWS: Enterprise Security

10,550 viewers

Using Public Health Data Sources

3,663 viewers

Show more on LinkedIn Learning



 

6

Home     My Network     Jobs

**EXHIBIT 6-8**

 

  

Home   My Network   Jobs





# Michael LaCrosse · 3rd
Director of Business Development

- PALIoT Solutions
-  Hofstra University

Rochester, Michigan, United States · Contact info

**67** connections

🔒 Message    More

---

## Activity
68 followers

**Michael LaCrosse** commented on a post • 1mo
Nice article Marc.... love the optimism....

😊😯 54                                        3 comments

See all activity

---

## Experience

**Director Of Business Development**
PALIoT Solutions · Full-time
May 2021 - Present · 9 mos
Detroit Metropolitan Area

 

6

Home    My Network    Jobs

Rochester Hills, Michigan, United States

## Education



**Hofstra University**
Bachelor's degree, Marketing
1988 - 1991

## Interests

**Companies**    Groups    Schools



**Driscoll's**
51,378 followers



**Ocean Mist Farms**
6,186 followers

See all 9 companies

Ad  •••

Marc, get unlimited access to more quality candidates.

 

Right job. Right candidate. Right now.

Request Demo

## People Also Viewed



**Dalten Stalzer** • 3rd 
Helping EHS Professionals move from a reactive to a proactive safety culture through the use of technology. | Business Development Representative at Evotix |

 

Home    My Network    Jobs

 **Richard MacDonald** • 2nd
CTO / CSO PALIoT Solutions LLC

Connect

 **William Como** • 3rd
VP of Engineering

Message

 **Sarah Handy** • 3rd
West Regional Manager at Smart Warehousing

Message

 **Kim Kane Williams** • 3rd+
--

Connect

Show more ⌄

## People you may know

 **Sean Rucker**
Associate Attorney at Miller Canfield

Connect

 **Amanda Rauh-Bieri**
Associate at Miller Canfield

Connect

 **Gergana Sivrieva**
Associate Attorney at Miller Canfield

Connect

 **Lana Yaghi, Esq.**
Senior Attorney at Miller Canfield

Connect

 **Jessica Pask**

 

6

Home    My Network    Jobs

Show more ⌄

 **LEARNING**

## Add new skills with these courses, free for 24 hours

 **Conquering Freak-Outs and the Fear of Failure**

1,512 viewers

 **AWS: Enterprise Security**

10,550 viewers

 **Using Public Health Data Sources**

3,663 viewers

Show more on LinkedIn Learning

Promoted    •••



**In-person program.**
Achieve your goals in complex, high-stakes deals. Apply now.

**Add "Law" To Your Resume**
Online Master of Legal Studies in 1 year from WashU, no GRE/LSAT required.

Learn more          Learn more

**Linked in**

About                 Accessibility          Talent Solutions       ❓ **Questions?**      Select Language
                                                                     Visit our Help Center.
Community             Careers                Marketing Solutions                           English (English)
Guidelines
                                                                     ⚙ **Manage your account
Privacy & Terms ⌄     Ad Choices             Advertising              and privacy**
                                                                     Go to your Settings.
Sales Solutions       Mobile                 Small Business

Safety Center




6

Home     My Network     Jobs

**EXHIBIT 6-9**

**Swanson, Marc N.**

| | |
|---|---|
| **From:** | Swanson, Marc N. |
| **Sent:** | Friday, January 28, 2022 9:33 AM |
| **To:** | Luckey McDowell |
| **Cc:** | Roach, Steven A.; Green, Jonathan S.; Swanson, Marc N. |
| **Subject:** | Lightning Technologies Bankruptcy Case - Palltronics Inc.'s Motion to Enforce the Sale Order and for a Finding of Civil Contempt Against PaLliot Solutions LLC |
| **Attachments:** | Palltronics - Motion to enforce sale order and for contempt(38573592.9).docx |

Dear Mr. McDowell – I represent Palltronics Inc. in the Lightning Technologies bankruptcy case. Pursuant to the local bankruptcy rules, I am seeking your client's consent to the relief requested in the attached motion and order. Please let me know by 1:30pm today.  Thanks.

Marc N. Swanson| Principal & Group Leader
**Miller Canfield**
**T** +1.313.496.7591 | **F** +1.313.496.7500 | **M** +1.248.766.7159

# **EXHIBIT 6-10**

Via Email (Roach@MillerCanfield.com)

Miller, Canfield, Paddock and Stone P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Attention : Steven Roach


Re: Palltronics Response to Turnover Demand

Mr. Roach :

I am responding to the above subject matter and informing you that I am able to return approximately twenty (20) emails from my rsmacdonald23@gmail.com account. Given that I am in Canada, I can put the emails on a thumb drive and drop them off to Marty next time I'm in Detroit, or I can email them one by one to you today and then erase them.

Alternately, since Palltronics now has all of my Lightning emails, I can just certify deletion of them. I did not have a Lightning laptop or phone, and I am not in possession of any of the Citrix Share File files.

I will wait until I hear your preference. Please let me know how you would like to proceed as soon as possible.

Sincerely,



Richard MacDonald

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 21-41019-tjt |
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

## PALLTRONICS INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO ENFORCE SALE ORDER AND FINDING OF CIVIL CONTEMPT AGAINST PALIOT SOLUTIONS LLC

This Court previously allowed the parties to take discovery from LinkedIn Corporation ("LinkedIn") to determine who had made changes to the Debtor's former web page with LinkedIn ("LinkedIn Page") after its sale to Palltronics under the Sale Order (defined below).  The documents LinkedIn provided in response to Palltronics Inc.'s subpoena (PALIoT did not issue discovery) show that Richard MacDonald, the Co-Founder, Chief Technology Officer and Chief Sustainability Officer for PALIoT Solutions LLC ("PALIoT"), is the person who made the changes to the LinkedIn Page.  It was not Palltronics or anyone associated with Palltronics. It was PALIoT.  He did so on July 12, 2021, several months after the Debtor's sale to Palltronics had closed and a month after PALIoT certified it did not have any of the Debtor's intellectual property assets, as required by the Sale Order.  Mr. MacDonald changed the LinkedIn Page to direct people to PALIoT's website, changed the phone number displayed on the page, and made other related changes.

39076405.5/160707.00005

This is a knowing violation of the Sale Order and, as a result, PALIoT should be held in civil contempt and Palltronics should be permitted to conduct additional discovery in this contested matter.

## I.   BACKGROUND

### A.   The Bankruptcy Sale to Palltronics

On May 13, 2021, the Court entered its *Order Authorizing (I) the Sale of Substantially All of Debtor's Assets Pursuant to 11 U.S.C. §§ 105, 363 and 365, (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) the Sale of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (IV) Granting Related Relief* ("Sale Order," Doc. No. 244).  In accordance with paragraph 9 of the Sale Order, on June 2, 2021, Palltronics demanded that PALIoT deliver all Assets, including Intellectual Property and Electronically Stored Data, to Palltronics.  Motion to Enforce, Exhibit 6-2, June 2 Letter.  Other than a few assets not at issue here, PALIoT responded that it had none by letter dated June 8, 2021.  Motion to Enforce Sale Order and Finding of Civil Contempt Against PALIoT Solutions LLC ("Motion to Enforce"), Exhibit 6-3, June 8 Letter ("PALIoT Letter").

The Trustee closed the sale on May 26, 2021, and Palltronics paid the $5 million purchase price on that date.  *Trustee's Report of Sale*, Doc. No. 262.

**B.    Palltronics Moves to Enforce the Sale Order**

On January 28, 2022, Palltronics filed its Motion to Enforce.  In the Motion to Enforce, Palltronics noted that the LinkedIn Page that it had purchased from the Debtor had been updated to direct customers to PALIoT.  *Id.*, ¶¶ 13-18.  Palltronics thus requested relief from the Court to redress PALIoT's failure to turn over the Debtor's assets in accordance with the Sale Order.

**C.    PALIoT Responds to the Motion**

PALIoT responded ("PALIoT Response," Doc. No. 344) to the Motion to Enforce declaring that the allegations in it were "made recklessly and without reasonable inquiry."  PALIoT Response, p. 1.  PALIoT claimed "it does not have and has never had the username or password required to access the Debtor's LinkedIn site" and that that "upon information and belief, one or more of Palltronics' employees is in possession of the username and password needed to access Debtor's LinkedIn site."  PALIoT Response, pp. 1-2.

In support of these false allegations, PALIoT attached the affidavit of Mr. MacDonald ("Affidavit," PALIoT Response, Ex. B).  Among other things, Mr. MacDonald swore in his Affidavit that he never knew the username and password for the LinkedIn Page.  Affidavit, ¶ 6 ("…at no time relevant to the allegations set forth in Palltronics' Motion did I or any employee or agent of PALIoT know the username or password for Lightning Technologies' LinkedIn page.").  He also swore

39076405.5/160707.00005

that it was impossible for PALIoT to make the changes to the LinkedIn Page alleged in the Motion to Enforce.  Affidavit, ¶ 7(b) ("It was not possible for PALIoT to add the information described in Palltronics' Motion to Lightning Technologies' LinkedIn page.").

Mr. MacDonald went even further in his affidavit by stating that Palltronics was responsible for the changes to the LinkedIn Page: "Upon information and belief, one or more current employees of Palltronics are former employees of Lightning Technologies and may have the username and password(s) for the Lightning Technologies LinkedIn page." Affidavit, ¶ 8.  Based on the false allegation that Palltronics had the ability to change the LinkedIn Page, PALIoT asserted in its Response that the Motion to Enforce "is made only to harass PALIoT and attempt to obtain a competitive advantage by gaining access to PALIoT's customers." PALIoT Response, p. 2.

Mr. MacDonald doubled down on his untruthful statements in the final paragraph of his Affidavit by asserting that PALIoT did not want to be associated with the LinkedIn Page and that he would "prefer that any reference or link to PALIoT which is currently on Lightning Technologies' LinkedIn page be removed from that page." Affidavit, ¶ 9.  It is noteworthy that the Affidavit lacks any statement that it was signed under penalty of perjury.

**D.      The Order for Further Proceedings**

The Court held a telephonic hearing on March 2, after which it entered an

order to govern further proceedings.[1]  The Proceedings Order allowed the parties to

seek discovery from LinkedIn.[2]  Proceedings Order, ¶ 2.  Further discovery was

denied, without prejudice to revisit the issue later.  Proceedings Order, ¶ 4.

**E.      Discovery Against LinkedIn**

On March 18, 2022, Palltronics issued a subpoena to LinkedIn.  *See*  Doc. No.

350.  PALIoT did not issue any discovery to LinkedIn.

LinkedIn responded to the subpoena on April 1, 2022, but did not produce any

documents on that date.  **Exhibit 3.**  On April 19 and 25, LinkedIn produced

documents in response to the subpoena.  *See* Doc. Nos. 362 and 366.

Among the documents produced by LinkedIn was a spreadsheet.  One tab of

the spreadsheet listed the people administrators, identified by their LinkedIn ID

("Administrator List," attached as **Exhibit 4**).  Another tab contained a list of

changes made to the LinkedIn Page, along with the date and user who made the

change ("Change List," attached as **Exhibit 5**).  There were also three "help tickets"

---

[1] *Order for Further Proceedings, Including a Further, Non-Evidentiary Hearing, on the Motion by Palltronics, Inc. to Enforce Sale Order, and Notice of Two Prior Bench Opinions by the Undersigned Judge Finding Subject Matter Jurisdiction to Enforce Sale Orders* ("Proceedings Order," Doc. No. 347).

[2] The time for discovery under the Proceedings Order was recently extended by two weeks by stipulated order.  (Doc. Nos. 368, 369).

39076405.5/160707.00005

produced, showing help requests made to LinkedIn relating to the LinkedIn Page ("Help Tickets," attached as **Exhibit 6 (Help Ticket 220301-0088866), Exhibit 7 (Help Ticket 220310-007953), and Exhibit 8 (Help Ticket 220311-003588)**.[3]

The Administrator List shows that Mr. MacDonald was given the ability to change the LinkedIn Page on September 4, 2019, and he retained his administrator status until August 30, 2021, more than three months after the sale to Palltronics had closed and two months after PALIoT certified in the PALIoT Letter that it had no access to the Debtor's former assets (which includes the LinkedIn Page). The Administrator List directly refutes PALIoT's false claim that "it does not have and has never had the username or password required to access the Debtor's LinkedIn site". It also directly contradicts Mr. MacDonald's sworn testimony in his Affidavit that he never had the login credentials to revise the LinkedIn Page. Affidavit, ¶ 6. Finally, it contradicts PALIoT's allegation that Palltronics made the changes because no Palltronics employee is listed as having Administrator rights with respect to the LinkedIn Page.

The Change List shows that Mr. MacDonald is the person who made the revisions to the LinkedIn Page at issue in the Motion to Enforce. These revisions

---

[3] LinkedIn has provided a declaration attesting to the authenticity of the documents that it produced during discovery. **Exhibit 9.**

39076405.5/160707.00005

were made on July 12, 2021, *after* PALIoT sent the PALIoT Letter.  The Change

List shows that, among other things, Mr. MacDonald changed the LinkedIn Page to

- Refer to PALIoT's website, http://www.PALIoTSolutions.com.

- Show the number referenced in the Motion to Enforce (*compare* Change List showing "Phone Number changed (248-829-9455)" *with* Motion to Enforce, ¶ 16 *and* Motion to Enforce, Exhibit 6-4)

These facts directly support the Motion to Enforce and make clear that the

allegations in the PALIoT Response and the Affidavit are untrue.

The Administrator List also shows that Mr. MacDonald stopped being an

administrator on August 30, 2021, and that an individual named Trevor Stuve is the

only person that is currently an administrator.

After the Motion to Enforce was filed, on March 1, 2022, Mr. Stuve wrote to

LinkedIn requesting a changelog for the LinkedIn Page.  **Exhibit 6.**  He continued:

"There is potentially a legal action being filed and we need to prove that we were

not the company/person that made the updates. It appears that I am the only admin

but that has not always been the case." **Exhibit 6.**  Palltronics has never had any

communications with Mr. Stuve regarding the Motion to Enforce.

On March 10, 2022, Mr. Stuve wrote to LinkedIn again.  **Exhibit 7.**  Mr. Stuve

wrote "Someone updated the company information but I am the only admin. Another

company is filing a legal complaint against Lightning Technologies. Can someone

please send me the company update logs? I did not make any changes but need

additional information about who did." **Exhibit 7.**  On March 11, 2022, LinkedIn

replied to Mr. Stuve's March 10 communication. **Exhibit 8.**  In this communication,

LinkedIn does not provide Mr. Stuve with any information about the changes but

instead states that the account was temporarily suspended but that restriction has

been lifted.  **Exhibit 8.**

These Help Tickets demonstrate that Mr. Stuve has information relevant to

the Motion to Enforce.  Counsel for PALIoT and Palltronics exchanged emails that

confirm that both parties agree and consent to Palltronics asking the Court for

permission to issue discovery to Mr. Stuve.   PALIoT's counsel has stated that Mr.

Stuve appears to be a digital media director at TMV Group, who worked with Debtor

sometime in the past.[4]  Concurrently, with the filing of this Brief, Palltronics has

filed a motion requesting Court authority to issue discovery to Mr. Stuve.

## II.    ARGUMENT

### A.    PALIoT Should be Held in Civil Contempt

This Court should find that PALIoT violated the Sale Order and hold it in civil

contempt.  PALIoT violated the Sale Order by not surrendering possession of the

Debtor's LinkedIn Page to Palltronics, and then lying about it in the June 8 Letter

and in the PALIoT Response. Rather than come clean, PaLIoT filed a false affidavit,

---

[4] Upon searching on the internet, Palltronics found Mr. Stuve listed on TMV Group's
website at https://tmvgroup.com/team/trevor-stuve/.

falsely asserted in its Response that it did not commandeer the LinkedIn page, and falsely accused Palltronics with having altered the LinkedIn page.

This Court has identified the requirements for a finding of civil contempt:

> the elements that must be proven for a court to find a party in civil contempt are that (1) the party violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct—*i.e.*, no objectively reasonable basis for concluding that the party's conduct might be lawful. And at least as to the first two of these elements, the moving party must prove them by clear and convincing evidence.

*City of Detroit, Mich.*, 614 B.R. at 265–66. All three elements are satisfied.

First, PALIoT violated the Sale Order by exercising control of the LinkedIn Page after the closing of the Sale, and further violated the Sale Order by changing the LinkedIn Page to direct potential customers to the PALIoT Website and to Mr. MacDonald's phone number. Second, PALIoT had knowledge of the Sale Order – it was the back-up bidder under the Sale Order and also received the June 2 Letter from Palltronics directing it to surrender the Debtor's assets to Palltronics. Motion to Enforce, Exhibit 6-2, June 2 Letter. Finally, there is no fair ground of doubt as to whether the Sale Order prohibited PALIoT's conduct. Indeed, PALIoT has not taken the position that its conduct was permitted by the Sale Order. Rather, PALIoT filed the false affidavit of Mr. MacDonald and an equally false Response denying that it had engaged in this activity.

9

**B.  The Court Should Award Compensatory Monetary Relief and Injunctive Relief**

The Court has discretion to award compensatory monetary relief and injunctive relief against a party that it finds in civil contempt. *In re City of Detroit, Michigan*, 614 B.R. 255, 273-74 (Bankr. E.D. Mich. 2020).

First, the Court should award Palltronics its attorneys' fees and costs related to or arising from the drafting, filing and prosecution of the Motion to Enforce, including, without limitation, the fees and costs related to or arising from the discovery with LinkedIn.

Second, this Court should grant Palltronics leave to conduct additional discovery. LinkedIn has confirmed that Mr. MacDonald made the changes to the LinkedIn Page which form the basis for Palltronics's Motion to Enforce. The LinkedIn documents directly contradict the PALIoT Response and Mr. MacDonald's sworn affidavit. Palltronics needs to depose Mr. MacDonald to explore this contradiction and to better understand the circumstances (and effects) of the changes to the LinkedIn Page. Palltronics also needs documents related to these subjects.[5] Collectively, the information sought is in regard to an asset that

---

[5] On April 25, counsel for Palltronics sought concurrence from counsel for PALIoT for an order to seek documents from Mr. MacDonald and to conduct his deposition. On April 28, counsel for Palltronics again emailed counsel for PALIoT stating that no response had been received and that Palltronics would need to inform the Court that it had not received concurrence in this request. Again, no response was received.

10

Palltronics purchased under the Sale Order but has not yet obtained—an asset which is currently being employed to PALIoT's benefit and Palltronics's harm.[6] Palltronics should also be permitted discovery to determine the nature and extent of its damages.

Third, PALIoT must fully cooperate with and consent to any actions necessary to turn over the LinkedIn Page to Palltronics. PALIoT has offered to draft a joint letter to Mr. Stuve, but given the falsehoods in the PALIoT Response and the suspicious conduct as exhibited by the Help Tickets, Stuve should be required to provide this information to Palltronics through sworn responses to written discovery or at his deposition where he will be under oath (to the extent the Court permits such discovery).

Fourth,[7] this Court should order PALIoT to provide Palltronics with (a) a list of the Followers and the contact information, including, without limitation, the phone number, email address, company name, and individual name for each Follower, (b) a list of all click throughs from the Debtor's LinkedIn Page to the PALIoT Website, and (c) the phone records for the Phone Number from May 1, 2021, through the date that the Phone Number is removed from the Debtor's

---

[6] PALIoT has also stolen other assets that Palltronics purchased under the Sale Order.

[7] Capitalized terms used in this paragraph but not otherwise defined shall have the meanings ascribed to them in the Motion to Enforce.

11

LinkedIn Page ("Time Period"). The phone records should include, without limitation, all incoming calls to the Phone Number during the Time Period. Palltronics should have the right to call each person that called the Phone Number during the Time Period to advise such caller that PALIoT falsely held itself out as the Debtor (or Palltronics).

Fifth, after Palltronics finishes its discovery, this Court should conduct an evidentiary hearing to determine the appropriate amount of monetary damages to be awarded to Palltronics.

Finally, Palltronics requests that any order entered by the Court be without prejudice to Palltronics' right to seek additional damages and equitable relief from PALIoT.

## IV. Conclusion

Palltronics asks the Court to enter an order in substantially the same form as the one attached as **Exhibit 2** granting the relief requested in this Motion and any additional relief the Court may deem proper.

12

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:  /s/ Marc N. Swanson
      Steven A. Roach (P39555)
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, MI  48226
      Phone: (313) 496-7591
      Fax: (313) 496-8452
      swansonm@millercanfield.com
      roach@millercanfield.com

Dated:   May 9, 2022

13

## <u>EXHIBIT LIST</u>

| | |
|---|---|
| Exhibit 1 | Certificate of Service |
| Exhibit 2 | Proposed Order |
| Exhibit 3 | LinkedIn Response to Subpoena |
| Exhibit 4 | LinkedIn Produced Document - Administrator List |
| Exhibit 5 | LinkedIn Produced Document - Change List |
| Exhibit 6 | LinkedIn Produced Document – Help Ticket 220301-0088866 |
| Exhibit 7 | LinkedIn Produced Document – Help Ticket 220310-007953 |
| Exhibit 8 | LinkedIn Produced Document – Help Ticket 220311-003588 |
| Exhibit 9 | LinkedIn Declaration |

## EXHIBIT 1 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 21-41019-tjt |
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 9, 2022, the foregoing

**PALLTRONICS INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS**

**MOTION TO ENFORCE SALE ORDER AND FINDING OF CIVIL**

**CONTEMPT AGAINST PALIOT SOLUTIONS LLC** was filed with the Court

via the Court's CM/ECF system which will provide notice of the filing on all

parties registered to receive ECF notices in this matter.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, MI  48226
      Phone:  (313) 496-7591
      Fax:  (313) 496-8452
      swansonm@millercanfield.com

*Attorneys for Palltronics, Inc.*

Dated:  May 9, 2022

## **EXHIBIT 2 – PROPOSED ORDER**

## **UNITED STATES BANKRUPTCY COURT**
## **EASTERN DISTRICT OF MICHIGAN**
## **SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 21-41019-tjt |
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

## **[PROPOSED] ORDER GRANTING PALLTRONICS INC.'S MOTION TO ENFORCE SALE ORDER AND FINDING OF CIVIL CONTEMPT AGAINST PALIOT SOLUTIONS LLC**

This matter comes before the Court upon the filing of the *Motion to Enforce the Sale Order and for a Finding of Civil Contempt Against PALIoT Solutions LLC* ("Motion," Doc. No. [ ])[8]; and the Court being otherwise advised in the premises;

IT IS FOUND THAT PALIoT has violated, and is in civil contempt of, this Court's *Order Authorizing (I) the Sale of Substantially All of Debtor's Assets Pursuant to 11 U.S.C. §§ 105, 363 and 365, (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) the Sale of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (IV) Granting Related Relief* ("Sale Order," Doc. No. 244).

---

[8] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

2

IT IS HEREBY ORDERED that

1.     The Motion is granted.

2.     PALIoT must fully cooperate and consent to any actions necessary to turn over the LinkedIn Page to Palltronics

3.     Palltronics is awarded its attorneys' fees and costs related to or arising from the drafting, filing and prosecution of the Motion to Enforce, which shall include, but not be limited to, fees and costs related to or arising from the discovery with LinkedIn.  Palltronics shall file a statement of such costs and fees within ten days of the entry of this Order.  PALIoT shall have seven days to object to the statement of costs and fees.  After the expiration of the seven day period, the Court will either enter an order awarding costs and fees to Palltronics or conduct a further hearing.

4.     Richard MacDonald shall sit for a deposition at Miller, Canfield, Paddock and Stone, PLC, 150 West Jefferson, Detroit, MI 48226 on June 29, 2022 at 9 a.m.

5.     Palltronics is granted leave to conduct discovery through interrogatories, requests for production of documents and depositions of PALIoT to determine the nature and extent of the damages sustained by Palltronics arising from or relating to PALIoT's violation of the Sale Order.

6.     Within seven days of the entry of this Order, PALIoT shall provide to Palltronics (a) a list of the Followers and the contact information, including, without limitation, the phone number, email address, company name, and individual name for each Follower, (b) a list of all click throughs from the Debtor's LinkedIn Page to the PALIoT Website, and (c) the phone records for the Phone Number from May 1, 2021, through the date that the Phone Number is removed from the Debtor's LinkedIn Page ("Time Period"). The phone records shall include, without limitation, all incoming calls to the Phone Number during the Time Period. Palltronics shall have the right to call each and every person that called the Phone Number during the Time Period to advise such caller that PALIoT falsely held itself out as the Debtor (or Palltronics).

7.     This Court shall hold a further hearing on this contested matter on August ___, 2022.

8.     This Order is without prejudice to Palltronics' right to seek additional damages and equitable relief from PALIoT.

9.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## EXHIBIT 3 - LINKEDIN RESPONSE TO SUBPOENA

**Swanson, Marc N.**

| | |
|---|---|
| **From:** | Joshua Reiten <jreiten@linkedin.com> |
| **Sent:** | Friday, April 1, 2022 9:30 PM |
| **To:** | Swanson, Marc N. |
| **Cc:** | Jennifer Muller |
| **Subject:** | Subpoena to LinkedIn | In re Lightning Technologies, Inc., Case No. 21-41019-tjt |

You don't often get email from jreiten@linkedin.com. Learn why this is important

CAUTION EXTERNAL EMAIL: DO NOT open attachments or click links from unknown or unexpected emails.

Dear Mr. Swanson,

LinkedIn Corporation has received a subpoena in the matter *In re Lightning Technologies, Inc.,* Case No. 21-41019-tjt (the "Request").

LinkedIn generally objects to the Request on the following grounds.

First, LinkedIn objects to the Request to the extent it requests the production of documents that do not exist or are beyond the possession, custody or control of LinkedIn. For example, LinkedIn company pages (as opposed to individual accounts) do not have IP logins, passwords, billing information, invitations sent or received, messages sent or received or connections associated.  For more information about company pages, refer to the following resources: LinkedIn Page Admin Roles - Overview, LinkedIn Pages - FAQ, Overview of LinkedIn Pages for Admins and Followers, and Request Admin Access to a LinkedIn Page.

Second, LinkedIn objects to the Request to the extent it calls for the production of the contents of electronic communications that are not publicly available. The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701 *et seq.*, strictly prohibits a provider such as LinkedIn from disclosing the contents of communications to third parties. A civil subpoena or court order is not sufficient under the SCA to compel production of contents of communications from a provider. *See, e.g.*, *Bower v. Bower*, 808 F. Supp. 2d 348, 350 (D. Mass. 2011); *Katz v. Liberty Power Corp.*, LLC, No. 18-CV-10506-ADB, 2019 WL 957129, at *3 (D. Mass. Feb. 27, 2019). Under the SCA, civil parties must obtain those communications from the user. 18 U.S.C. § 2702.

Third, LinkedIn objects to the Request to the extent that the records requested may be obtained from a LinkedIn user who is a party to these proceedings.  As described in Section 4.2 of LinkedIn's Privacy Policy, a LinkedIn user may download their own LinkedIn account data by initiating a request through their Settings & Privacy page (Downloading Your Own Data). Users may also view their own account activity (including messages) by accessing the "Your Activity" section of their LinkedIn profile (Manage Shared Content Profile Activity Page). Accordingly, even if LinkedIn could produce the contents of communications without violating the SCA, LinkedIn objects to the Request on the grounds that, to the extent the requested records exist, they can and should instead be obtained by the member.

Further, LinkedIn objects to the Request on the ground that it is vague, ambiguous and fails to identify the records sought with the requisite particularity. In particular, the language asking for "all

DOCUMENTS or COMMUNICATIONS" unreasonably extends the scope of the materials sought beyond any clear limit.

LinkedIn reserves the right to assert additional objections to this Request and any subsequent revisions thereto.

1. All Documents or Communications relating to the administrator(s) for the Page, including the email address(es), phone number(s) and any other contact or identifying information with respect to the administrator(s) for the Page.

LinkedIn incorporates by reference the general objections set forth above. LinkedIn further objects on the grounds that this request seeks the disclosure of information in violation of the privacy rights of third parties. Subject to and without waiving those objections, LinkedIn will provide records responsive to this request, if any, located after a reasonable search.

2. All Documents setting forth the user name and password for the Page.

LinkedIn incorporates by reference the general objections set forth above. Subject to and without waiving those objections, LinkedIn states that Pages do not have user names or passwords.

3. All Documents or Communications relating to all email address(es) associated with the Page.

LinkedIn incorporates by reference the general objections set forth above. Subject to and without waiving those objections, LinkedIn states that Pages do not have email addresses.

4. All Documents or Communications relating to the account URL for the Page.

LinkedIn incorporates by reference the general objections set forth above. Subject to and without waiving those objections, LinkedIn states that the account URL for the Page is: https://www.linkedin.com/company/lightning-technologies/.

5. All Documents or Communications relating to the date and time of the creation of the Page.

LinkedIn incorporates by reference the general objections set forth above. Subject to and without waiving those objections, LinkedIn states that it will provide responsive records, if any, located after a diligent search.

6. All Documents or Communications relating to any billing information for the Page.

LinkedIn incorporates by reference the general objections set forth above. Subject to and without waiving those objections, LinkedIn states that no responsive records exist.

7. All Documents or Communications relating to any addresses and/or email addresses associated with the Page.

LinkedIn incorporates by reference the general objections set forth above. LinkedIn further objects on the grounds that this request seeks the disclosure of information in violation of the privacy rights of third parties. Subject to and without waiving those objections, LinkedIn states that it will provide responsive records, if any, located after a diligent search.

8. All Documents or Communications relating to any phone numbers associated with the Page.

LinkedIn incorporates by reference the general objections set forth above.  LinkedIn further objects on the grounds that this request seeks the disclosure of information in violation of the privacy rights of third parties. Subject to and without waiving those objections, LinkedIn states that it will provide responsive records, if any, located after a diligent search.

9. All Documents or Communications relating to any IP logs for the Page, including IP addresses, dates of account log-ins, usernames and any other identifying information.

LinkedIn incorporates by reference the general objections set forth above.  Subject to and without waiving those objections, LinkedIn states that no responsive records exist.

10. All Documents or Communications relating to any invitations sent from, or sent to, the Page, including the date on which such invitations were sent and/or received.

LinkedIn incorporates by reference the general objections set forth above.  Subject to and without waiving those objections, LinkedIn states that no responsive records exist.

11. All Documents or Communications relating to any messages sent from, or sent to, the Page, including the dates of the messages, the identity of the sender and recipient of the messages and the actual messages that were sent or received.

LinkedIn incorporates by reference the general objections set forth above.  Subject to and without waiving those objections, LinkedIn states that no responsive records exist.

12. All Documents or Communications relating to any connections or followers with respect to the Page, including the dates on which the connections or followers were accepted, requested and/or established.

LinkedIn incorporates by reference the general objections set forth above.  Subject to and without waiving those objections, LinkedIn states that it will provide responsive records, if any, located after a diligent search.

13. All Documents or Communications reflecting the number of clicks on the PALIoT Website Links, including the dates of the clicks and the identity of the person who initiated the click.

LinkedIn incorporates by reference the general objections set forth above.  LinkedIn further objects on the grounds that this request is unreasonably burdensome and seeks disclosure of information in violation of the privacy rights of third parties.

14. All Documents or Communications reflecting the number of clicks on the Phone Number, including the dates of the clicks and the identity of the person who initiated the click.

LinkedIn incorporates by reference the general objections set forth above.  LinkedIn further objects on the grounds that this request is unreasonably burdensome and seeks disclosure of information in violation of the privacy rights of third parties.

15. All Documents or Communications reflecting any changes made to the Page on and after January 1, 2020, including the identity of the person who changed the Page, change logs, the dates on which any changes were made and a description of the changes that were made.

LinkedIn incorporates by reference the general objections set forth above.  LinkedIn further objects on the grounds that this request is unreasonably burdensome and seeks disclosure of information in violation of the privacy rights of third parties. Subject to and without waiving those objections, LinkedIn states that it will provide responsive records, if any, located after a diligent search.

16. All Documents or Communications relating to the date on which the PALIoT Website Links and Phone Number were added to the Page.

LinkedIn incorporates by reference the general objections set forth above.  Subject to and without waiving those objections, LinkedIn states that it will provide responsive records, if any, located after a diligent search.

17. All Documents or Communications between You and the administrator(s) of the Page.

LinkedIn incorporates by reference the general objections set forth above.  LinkedIn further objects on the grounds that this request is unreasonably burdensome and seeks disclosure of information in violation of the privacy rights of third parties. Subject to and without waiving those objections, LinkedIn states that it will provide responsive records, if any, located after a diligent search.

18. All Documents or Communications reflecting the number of clicks on the Phone Number.

LinkedIn incorporates by reference the general objections set forth above.  LinkedIn further objects on the grounds that this request is unreasonably burdensome.

## **EXHIBIT 4 - LINKEDIN PRODUCED DOCUMENT - ADMINISTRATOR LIST**

| Admin URL | Role | Date Added | Date Removed |
|---|---|---|---|
| www.linkedin.com/in/emily-slomka-28945455/ | Page Creator | 9/3/2019 (Creation Date) | 1/12/2021 |
| www.linkedin.com/in/joemorden/ | Administrator | 9/4/2019 | 8/30/2021 |
| www.linkedin.com/in/richard-macdonald-5a023725/ | Administrator | 9/4/2019 | 8/30/2021 |
| www.linkedin.com/in/jeffrey-owen-009636/ | Administrator | 12/18/2019 | 8/30/2021 |
| www.linkedin.com/in/trevorstuve | Administrator | 3/6/2020 | Current |

## EXHIBIT 5- LINKEDIN PRODUCED DOCUMENT - CHANGE LIST

| Field | Date Changed / Added | Made by | |
|---|---|---|---|
| Page Created | 9/3/2019 | www.linkedin.com/in/emily-slomka-28945455/ | |
| Location (2171 Xcelsior Dr, Oxford, Michigan 48371, US) | 3/6/2020 | www.linkedin.com/in/emily-slomka-28945455/ | |
| Phone (248-572-6700) | 3/6/2020 | www.linkedin.com/in/emily-slomka-28945455/ | |
| Website changed to (http://www.PALIoTSolutions.com) | 7/12/2021 | www.linkedin.com/in/richard-macdonald-5a0237725/ | |
| Founded On Date Added | 7/12/2021 | www.linkedin.com/in/richard-macdonald-5a0237725/ | Year=2021 |
| Phone Number changed (248-829-9455) | 7/12/2021 | www.linkedin.com/in/richard-macdonald-5a0237725/ | |
| Company Description Changed | 7/12/2021 | www.linkedin.com/in/richard-macdonald-5a0237725/ | Creating cleaner, safer, hyperconnected global supply chains via pallet design innovation, next generation IoT and on-demand customer data analytics |
| Specialties Added | 7/12/2021 | www.linkedin.com/in/richard-macdonald-5a0237725/ | Logistics, High Tech Pallets, Pallet Pooling, Carbon Methodologies, Food Safety |
| Remove Photo | 8/30/2021 | www.linkedin.com/in/richard-macdonald-5a0237725/ | |

# EXHIBIT 6 - LINKEDIN PRODUCED DOCUMENT – HELP TICKET 220301-0088866

### Subject: Company page information [220301-008866]

Status: Solved
Created: 03/01/2022 11:01
Date Last Updated: 03/01/2022 11:28
Name: Trevor Stuve'

**Auto-Response** (03/01/2022 11:01 CST)

Thanks for contacting us. Someone from our support team will get back to you as soon as possible.

Regards,

Your LinkedIn Customer Experience Team

*** This message is automatically generated by our system to show we've received your case. In order to answer your question or troubleshoot a problem, a LinkedIn representative may need to access your account, including, as needed, your messages and settings. ***

**Member** (03/01/2022 11:01 CST)

**Email:** trevor.stuve@gmail.com

**Alternate Email:** trevor.stuve@gmail.com

**Issue Type:** Company Pages

**In Which App or Site?:** LinkedIn (Website)

**On What Device?:** Windows Laptop/Desktop

**Your Question:** Hello,

Recently, this page, https://www.linkedin.com/company/lightning-technologies/, was updated however we are unable to see who made the change.

Is it possible to receive a changelog of the user that made the changes?

There is potentially a legal action being filed and we need to prove we were not the company/person that made the updates. It appears that I am the only admin but that has not always been the case.

Any help you can provide is greatly appreciated.

Thank you,
Trevor Stuve

## EXHIBIT 7 - LINKEDIN PRODUCED DOCUMENT – HELP TICKET 220310-007953

## Subject: LinkedIn Pages Request [220310-007953]

Status: Solved
Created: 03/10/2022 09:43
Date Last Updated: 03/10/2022 09:46
Name: Trevor Stuve'

### Member (03/10/2022 09:43 CST)

**Email**: trevor.stuve@gmail.com

**What is the name of the Page as it exists on LinkedIn?**: Lightning Technologies

**Link to your organization's Page on LinkedIn**: https://www.linkedin.com/company/lightning-technologies/

**Are you currently an Admin for the LinkedIn Page?**: Yes

**Are you an Enterprise Customer**: No

**What can we help you with today? I want to**: Other

**Do you have an Enterprise product? (Career Page, Recruiter, Sales Navigator, LinkedIn Learning)**: No

**Additional Details/Question**: Hello,

Someone updated the company information but I am the only admin. Another company is filing a legal complaint against Lightning Technologies.

Can someone please send me company update logs? I did not make any changes but need additional information about who did.

Thank you,
Trevor Stuve

# EXHIBIT 8 - LINKEDIN PRODUCED DOCUMENT – HELP TICKET 220311-003588

## Subject: LinkedIn Pages Request [220311-003588]

Status: Solved

Created: 03/11/2022 05:30

Date Last Updated: 03/11/2022 06:25

Name: Trevor Stuve'

### Response (03/11/2022 06:25 CST)

Hi Trevor,

Thanks for contacting us. A temporary restriction was placed on your account because we detected suspicious activity. This restriction prevented all access to your account as we reviewed this issue. We've now removed the restriction from your account and taken the following actions to secure it:

1. We signed you out of your account from every computer or mobile device it has been accessed on. Note: This will now prompt a new login for your account.
2. We sent a password reset link to the primary email address listed on your account.

There are a few scenarios that could explain the possibility of unauthorized access to a LinkedIn account:

• If you've recently signed into your account from a public computer or a shared device at your workplace or home, and didn't completely sign out of your account, the next person to access the site on that device may have unintentionally signed in to your account.
• An email or phone registered in your account is outdated and access to the email or phone has been recycled or compromised.
• If the same password is used in multiple websites, this could have been compromised through unaffiliated sites or a phishing attack.

We'd recommend these best practices for your online privacy:

• Check the email addresses on your account to ensure they are current:
https://www.linkedin.com/help/linkedin/answer/60
• Turn on two-step verification as an added layer of security: https://www.linkedin.com/psettings/two-step-verification/enroll
• Find more tips here: https://www.linkedin.com/help/linkedin/answer/267

If you see anything suspicious, report it to us immediately. If you have further questions or need additional assistance, please feel free to reply to this message.

*Do let us know if you see any suspicious activity on your company page henceforth*. Take care.

Best,

Remo
Member Safety and Recovery Consultant - LinkedIn

### Member (03/11/2022 05:30 CST)

Email - Created Date/Time: Thu Mar 10 07:46:22 PST 2022
From: LinkedIn Marketing Solutions(mail-noreply@linkedin.com)
To: trevor.stuve@gmail.com
CC:

Message Date: Thu Mar 10 07:46:22 PST 2022

Subject: We have Received your Support Request [Case #: 22118108] [ ref:_00D301Xri._5006Q1n6L6m:ref ]

LinkedIn Marketing Solutions

LinkedIn Marketing Solutions

LinkedIn Marketing Solutions

Thanks for contacting the LinkedIn Marketing Solutions team. We appreciate you reaching out, customers like you make LinkedIn the valuable professional network it is today!

We're reviewing your support request, and we'll contact you as soon as possible. Addressing your concerns and answering your questions are our top priority, your request will be responded to in the order it was received.

In the meantime, consider checking out our Help Center. It includes comprehensive content, FAQs, feature benefits, and articles designed to help troubleshoot independently.

Regards,

Your LinkedIn Marketing Solutions Team

Case Details:
Member Comment:

See Email Thread for more details.


***At LinkedIn our members come first. All data collected or used to answer your question or troubleshoot your issue will be used in accordance with LinkedIn's privacy policy.***

ref:_00D301Xri._5006Q1n6L6m:ref

**Member** (03/11/2022 05:30 CST)

Email - Created Date/Time: Thu Mar 10 07:46:31 PST 2022
From: (trevor.stuve@gmail.com)
To:
CC:
Message Date: Thu Mar 10 07:46:31 PST 2022
Subject: Inquiry
Email: trevor.stuve@gmail.com

What is the name of the Page as it exists on LinkedIn?: Lightning Technologies

Link to your organization's Page on LinkedIn: https://www.linkedin.com/company/lightning-technologies/

Are you currently an Admin for the LinkedIn Page?: Yes

Are you an Enterprise Customer: No

What can we help you with today? I want to: Other

Do you have an Enterprise product? (Career Page, Recruiter, Sales Navigator, LinkedIn Learning): No

Additional Details/Question: Hello,

Someone updated the company information but I am the only admin. Another company is filing a legal
complaint against Lightning Technologies.

Can someone please send me company update logs? I did not make any changes but need additional

information about who did.

Thank you,
Trevor Stuve

### Auto-Response (03/11/2022 05:30 CST)

Thanks again for contacting us. Your original case has been transferred to a different team within LinkedIn for more accurate handling.  Your updated case reference number can be found in the subject line of this message.  If you wish to update your case please respond to this message and disregard the previous auto-response you received.

## **EXHIBIT 9 - LINKEDIN DECLARATION**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 21-41019-tjt |
| Lightning Technologies, Inc., | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

## DECLARATION

I, Jennifer Muller, declare the following:

1.  I am a Project/Program Manager for the Law Enforcement Response Analysts team at LinkedIn Corporation ("LinkedIn"). I have personal knowledge of the facts contained herein and those facts are true.

2.  I am over the age of 18 and not a party to this action.

3.  LinkedIn's headquarters is at 1000 W. Maude Avenue, Sunnyvale, CA 94085. I work in LinkedIn's branch office located in Omaha, Nebraska.

4.  On or about March 18, 2022, LinkedIn was served with a subpoena ("Subpoena") in the Lightning Technologies, Inc. bankruptcy case, case number 21-41019, pending in the United States Bankruptcy Court for the Eastern District of Michigan.

5.  On April 19 and 25, 2022, LinkedIn produced six documents in response to the Subpoena, which are identified as follows (collectively, the "Records"):

      (a)   Company Page Followers;

      (b)   Removed Photo;

      (c)   Stuve_Support ticket 220301-003588;

      (d)   Stuve_Support ticket 220301-008866;

      (e)   Stuve_Support ticket 220310-007953;

(f)     In re Lightning Production.xlsx;

6.     I am the person at LinkedIn most qualified to testify as to the authenticity of the Records, and am authorized to do so.

7.     The Records were prepared and maintained by LinkedIn Corporation in the ordinary course of business. The .xlsx spreadsheet accurately reflects the electronically stored information.

8.     The Records, or the data therein, were made at or near the time of occurrence of the matter.

9.     The Records are the original or exact duplicates of the original.

I declare under penalty of perjury that the foregoing is true and correct.

Signed in Omaha, Nebraska

Jennifer Muller

5/4/2022

**2**