# EXHIBIT 10

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

———————————

IN RE:

Lightning Technologies, Inc,

        Debtor.

Case No. 21-41019-tjt
Chapter 7

Judge Thomas J. Tucker

————————————————— /

PALLTRONICS INC

        Plaintiff,

vs.

PALIOT SOLTIONS, INC.,

        Defendant.

Adv. Pro. No. 22-04114-jtj

————————————————— /

**REPLY BRIEF IN SUPPORT OF**
**PALIOT'S MOTION TO DISMISS FOR LACK OF JURISDICTION,**
**OR IN THE ALTERNATIVE, FOR ABSTENTION**

**ARGUMENT**

**I.    No interpretation of the sale order is necessary to adjudicate Palltronics'
claims**

        PALIoT does not dispute that Palltronics purchased all of the assets of

Lightning Technologies ("Lightning"), and PALIoT does not dispute that this Court

approved the sale. Nor does PALIoT dispute that the Court has jurisdiction to

enforce its orders, including the sale order.

But no part of Palltronics adversary complaint actually requires the Court to interpret or enforce the sale order. The question posed by Palltronics' complaint is not a question arising in or under bankruptcy law, it is a question of basic property and business tort law – whether the items described in Palltronics' adversary complaint are actually trade secrets, whether PALIoT misappropriated those trade secrets, and whether PALIoT is unlawfully competing with Palltronics. No enforcement or interpretation of the sale order or the bankruptcy code is necessary to answer those questions. Had Palltronics purchased the assets of Lightning outside of bankruptcy, Palltronics could have brought all of the same claims against PALIoT in another court.

The Court's approval of the sale of property to Palltronics does not provide this Court with jurisdiction to hear all claims that involve that property. This Court cannot expand its jurisdiction beyond what Congress has granted it: "civil proceedings arising under title 11, or arising in or related to cases under title 11." 11 U.S.C. § 1334. Whether the property that Palltronics purchased is actually a protectable trade secret does not fall into any of these categories.

The only plausible tie to the Court's Sale Order is section 9 of the order, which requires persons "in possession of some or all of the Assets" to "surrender possession" to the Buyer. But this clause cannot apply to the information that Palltronics claims is a trade secret in this case, because the alleged trade secrets are

2

not tangible assets that could be surrendered; they are simply things that people who worked at Lightning would have knowledge of: (1) the source and type of wood used (Complaint, ¶ 23); (2) the source and type of polymer used (Complaint, ¶ 24); (3) the method for assembling and manufacturing the pallet; (4) the use of a tracking device (Complaint, ¶ 25); and (5) the method to obtain carbon credits (Complaint, ¶ 26).

For example, Lightning publicly disclosed that BASF and Ultimate Linings were the source of the polymer used by Lightning. How could someone "surrender" their knowledge that these were the suppliers or "surrender" their knowledge that the pallet was comprised of an engineered plywood? The Sale Order does not, and cannot, order individuals to surrender their general knowledge of the industry. Because Palltronics' claims do not require an interpretation of the sale order, this Court lacks jurisdiction.

## II. *HNRC Dissolution Company* does not apply to this case.

Palltronics spends most of its response arguing that *Giese v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, 761 Fed. Appx. 553 (6th Cir. 2019) provides this Court jurisdiction over this proceeding under the "related to" jurisdiction prong. But *HNRC Dissolution Co.*, simply does not apply to this case. The plaintiff in that case filed a lawsuit against the purchaser of an account at a § 363 sale, alleging that the purchaser converted the property and that the property never should have been

in the bankruptcy estate. The Court found that it had jurisdiction because the dispute "would involve a determination whether the Account was property of the estate under 11 U.S.C. § 541 and whether the purchasers of assets under 11 U.S.C. § 363 were obligated to pay the proceeds of the Account to the non-leasing heirs." *Id.* at 563. Whether an item is property of the estate and whether or not a good faith purchaser is protected under § 363(m) are certainly questions that arise under the bankruptcy code, and because it involves a question of property of the estate under § 541, it related to the debtor's case.

But PALIoT does not dispute that Palltronics could purchase the assets of Lightning under § 363 or that the intellectual property of Lightning, to the extent it existed, was property of the estate under § 541. Rather, the question before this Court is whether the alleged trade secrets are actually trade secrets under state and federal trade secrecy laws and, if so, whether PALIoT misappropriated them, not whether Palltronics could purchase them under § 541 or § 363.

Palltronics alternatively argues that Counts 2-6 merely provide a framework to assess damages under Count 1 and therefore should survive. But if the Court lacks subject matter jurisdiction over the claims, it simply must dismiss them.

## III.   This court should abstain from hearing Palltronics adversary proceeding

Palltronics' first argument against abstention is that this Court cannot abstain because there is no active state court proceeding, citing *Security Farms v.*

4

*Int'l Bhd. of Teamsters*, 124 F.3d 999, 1099 (9th Cir. 1997). But this argument is not based on the text of § 1334, which allows the Court to abstain for any reason in "the interest of justice". Nor is it the law in this Circuit or in this Court. *See In re Lewiston*, 521 B.R. 811, 825 (Bankr. E.D. Mich. 2014) ("Although there is a split of authority in other circuits as to whether abstention under § 1334(c) applies to a case removed under § 1452, the Sixth Circuit has held, without comment, that a court may consider abstention 'even though a case has been removed pursuant to 28 U.S.C. § 1452.'" (quoting *XL Sports, Ltd. v. Lawler*, 49 Fed.Appx. 13, 20 (6th Cir. Oct. 8, 2002); *Robinson v. Michigan Consolidated Gas Co*., 918 F.2d 579, 584 n. 3 (6th Cir.1990))).

Rather the existence of a state court proceeding is merely a factor for the court to consider when deciding to abstain. *Id.* at 824. *See also In re Nu-Cast Step & Supply, Inc.,* 639 B.R. 440, 451-452 (Bankr. E.D. Mich. 2021) (abstaining from a trade secret claim even after the state court proceeding had been dismissed).

### A.    The factors support abstention.

Palltronics cites *Nu-Cast* as supplying the factors for permissive abstention, but it ignores the Court's decision in that case to abstain from a trade secrets case similar to this one. Instead, Palltronics misapplies the factors.

Palltronics claims that this proceeding "could go either way" on affecting the administration of the bankruptcy estate. But Palltronics does not

explain how this adversary proceeding could affect the debtor, the creditors, the trustee, or anyone involved in the bankruptcy estate. Because there is zero effect on the estate, factor one favors abstention.

Palltronics also claims that bankruptcy issues predominate over state law issues, but Palltronics does not explain how this could be true when five of the six counts have nothing to do with bankruptcy, and the Court would have to determine the threshold state law question of trade secrecy prior to deciding whether the sale order was violated. Thus factor two favors abstention

Lightning's five alleged trade secrets range from sourcing of wood to the method for assembling a pallet. Whether these are actually trade secrets and whether they have been misappropriated is a complex and difficult question of state law. Thus factor three favors abstention.

Palltronics is incorrect regarding diversity jurisdiction, as both entities have their principal places of business in Michigan. Therefore there is no diversity jurisdiction. Factor five favors abstention.

Palltronics argues that this case is directly related to the main bankruptcy case, but, as discussed above, there is simply no connection to Lightning's bankruptcy proceeding. Factor six favors abstention.

While PALIoT disputes that there is a core proceeding, the substance of Palltronics' alleged core proceeding is merely a rehashing of its trade secret claims. Thus factor seven favors abstention.

Palltronics could have brought its claims in state court, and this Court can easily sever all state law claims. PALIoT has a right to a jury trial, and it does not consent to this Court overseeing the trial. To have the Court retain this case and then pass it off to the District Court for trial would unnecessarily burden this Court's docket. Thus factors eight nine and eleven favors abstention.

## <u>CONCLUSION</u>

Because this Court lacks jurisdiction, it must dismiss this case. Else, the Court should abstain from hearing it.

Miller Johnson
Attorneys for PALIoT Solutions, Inc.,

By: /s/ Jacob L. Carlton

Dated: July 19, 2022

Jacob L. Carlton (P84859)
carltonj@millerjohnson.com
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

7