UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PALLTRONICS, INC.,

        Plaintiff,    Case No. 22-12854
v.    Hon. Denise Page Hood

PALIoT SOLUTIONS, INC.,

        Defendant.
_____/

**ORDER GRANTING MOTION TO
AMEND/CORRECT COMPLAINT (ECF #50)
and
DISMISSING MOTION TO DISMISS WITHOUT PREJUDICE (ECF #29)**

**I.     BACKGROUND**

This matter is before the Court on Plaintiff Palltronics, Inc.'s Motion to Amend the Complaint. Briefs have been filed and a hearing held on the matter.

On November 23, 2022, Palltronics filed the instant Complaint against Defendant Paliot Solutions, Inc. alleging: Declaratory Judgment Regarding Violation of the Bankruptcy Court's Sale Order (Count I); Misappropriation of Trade Secrets under the Defend Trade Secret Act, 18 U.S.C. § 1836 *et seq.* (Count II); Misappropriation, MCL 445.1901 *et seq*. (Count III); Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count IV); Unfair Competition, Common Law (Count V); and, Intentional Interference with Prospective Economic Advantage, Common Law (Count VI). Complaint, ECF No. 1.

A chapter 7 involuntary bankruptcy petition was filed against Debtor Lightning by its creditors. Prior to the bankruptcy action, Lightning developed a state-of-the-art shipping pallet and matching business applications for using the innovative pallet. *Id.*, PageID.2. During the bankruptcy proceedings, Lightning's Assets were sold at auction, free of any other claim or interest. *Id.* Palltronics was the winning bidder; Paliot was the losing, backup, bidder. *Id.* The Trustee closed the sale of the Assets on May 26, 2021, and Palltronics paid the purchase price of $5 million. *Id.* at PageID.6.

The Sale Order provides that it expressly includes "all Schedules, as such Schedules may be amended until the Closing Date pursuant to Sections 2.1 and 2.2 [of the APA]." The Sale Order provides that the Assets (as defined in the Sale Motion) are sold free and clear of all Interests. Paliot did not object to the Sale Order. Instead, the only change requested by Paliot when it asked the Trustee to remove (or substantially modify) the provision in the Sale Order (paragraph 9) that required persons and other entities, including Paliot, to turn over to Palltronics all the Assets purchased by Palltronics. *Id*. at PageID.7. Palltronics purchased everything belonging to the Debtor Lightning that was not explicitly excluded.

Paliot set up a directly competing business by stealing key portions of lightning's assets, including trade secrets. ECF No. 1, PageID.2. Paliot and/or its

2

agents, have distributed, offered to sell, imported, manufactured, and/or advertised assets, infringing on Palltronics's property rights in violation of the Bankruptcy Court Order, as well as federal, state and common laws. *Id.* Palltronics filed a motion before the Bankruptcy Court on January 28, 2022, asking the Bankruptcy Court to find that Paliot violated the Sale Order with its conduct regarding Lightning's LinkedIn Page. The Bankruptcy Court granted Palltronics's motion to enforce the Sale Order and found Paliot in civil contempt of the Sale Order. *Id.* at PageID.11-.14.

On June 23, 2022, Palltronics filed an adversary proceeding against Paliot before the Bankruptcy Court. Paliot filed a Motion to Dismiss the adversary proceeding based on lack of jurisdiction, or alternatively, for abstention. In a November 21, 2022 Opinion, the Bankruptcy Court found it had subject matter jurisdiction over Palltronics's adversary proceeding but abstained from exercising its jurisdiction over Palltronics's adversary proceeding. (ECF No. 23-10, PageID.1278-1317.

Palltronics thereafter filed its Complaint before the district court on November 23, 2022. The Court granted Palltronics's Motion for Preliminary Injunction and also denied Paliot's Motion for Reconsideration. (ECF Nos. 33, 46). Palltronics has now filed a Motion for Order to Show Cause as to Why

Defendant Should Not be Held in Contempt, along with a Motion to Amend Complaint, both based on a Supplemental Brief filed by Paliot which indicated that Paliot was issued on December 5, 2023, a United States Patent related to its pallet, U.S. Patent No. 11, 9834,223 B2 ('223 Patent). (ECF No. 45) Paliot asserts the '223 Patent shows Paliot is not using any of the trade secrets and assets Palltronics obtained from the APA before the Bankruptcy Court. To the contrary, Palltronics claims the '223 Patent and its prosecution documents, show that Paliot's '223 Patent is based on the Lightning assets which Palltronics purchased in bankruptcy. The Motion to Amend Complaint is addressed below. The Motion for an Order to Show Cause will be addressed in a separate order.

## II. MOTION TO AMEND COMPLAINT

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility. *Foman v. Davis,* 371 U.S. 178, 184 (1962). If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6),

the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Palltronics seeks to add facts and counts relating to Paliot's prosecution of the '223 Patent: Count VI – Correction of Inventorship, 35 U.S.C. § 256 and Count VII – Declaratory Judgment as to Plaintiff's Ownership of the '223 Patent. (The current Count VI, Intentional Interference with Prospective Economic Advantage, Common Law, does not appear in the proposed amended complaint.) Palltronics alleges that Roland Heiberger contributed to the inventions claimed in the '223 Patent which were developed while Heiberger worked with Lightning. One of the co-inventors of the '223 Patent, Jacob Gabel, was employed by Lightning in the engineering department for the purpose of developing and inventing improvements to the assembly and coating methods, materials, structure, and business use for Lighting's pallet design. Palltronics claims that Gabel, nor Herman Novak, nor any individual or company, was permitted by Lighting to file patent applications. Palltronics further claims that the named inventors of the '223 Patent, nor Paliot are able to assign away interests to the '223 Patent, because those rights are now owned by Palltronics. ECF No. 50-2, PageID.2148-.2149.

Paliot responds that Palltronics waited more than a year to file the motion and that the declaration by Novak is dispositive because Novak is the main

5

inventor of the '223 Patent. Paliot claims that Novak never worked for Lightning and that Novak's invention is based on his own knowledge. Paliot asserts that it applied for the '223 Patent in October 2022 and the prosecution was publicly available in April 2023. Based on this, Paliot asserts that Palltronics' motion to amend must be denied.

As to Paliot's argument that there was undue delay in filing the Motion to Amend, the Court notes that Paliot has not filed an Answer in this case, in light of its Motion to Dismiss which remains under advisement. In addition, there is no undue delay since the '223 Patent was issued in December 2023, and Palltronics became aware of the '223 Patent when Paliot filed a supplemental brief in March 2024 disclosing Paliot had been issued the '223 Patent in December 2023. Even if the '223 Patent prosecution was publicly available, Paliot, until its filing in March 2024, did not raise the patent application before the Bankruptcy Court, nor this Court, even though the design and manufacturing of a pallets are at issue. Paliot appears to put the onus on Palltronics to constantly monitor filings before the Patent Office relating to pallets which are at issue in this litigation.

Calculating delays are based on the issuance date of the patent, not the publication date. Courts have held that constructive notice based on publication do not apply to correction of inventorship claims. *See Adv. Cardiovascular Sys.,*

6

*Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161–62 (Fed. Cir. 1993) (holding that constructive notice does not apply to claims for correction of inventorship in the context of determining delay for laches); *Pei-Herng Hor v. Ching-Wu Chu,* 699 F.3d 1131, 1336-37 (Fed. Cir. 2012) (holding that the period for laches does not begin until the omitted inventor knew or should have known of the *issuance* of the patent, rather than the *publication* of the application). The Court will base any delay calculation from the issuance date of the '223 Patent.

Courts have held that there are no undue delays where a plaintiff sought to add correction of inventorship claims issued eight months and 15 months prior. *See, e.g.*, *Speedfit LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015) (no undue delay where plaintiffs sought to add correction-of-inventorship claims for a patent that issued eight months prior); *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2007 WL 3343125, at *1–2 (N.D. Cal. Nov. 7, 2007)  Here, Palltronics filed its motion to amend in May 2024, about five months from the '223 Patent issue date in December 2023, and two months after it learned of the '223 Patent in Paliot's supplemental brief in March 2023. There is no undue delay by Palltronics in filing its Motion to Amend. Paliot has not shown it is prejudiced by the filing of an Amended Complaint since it has yet to file an Answer on the original Complaint, and no discovery has been held in this matter.

As to Paliot's argument regarding futility based on Novak's declaration that he is the inventor of the '223 Patent, that he was not employed by Lightning and did not base the '223 Patent from any Lightning designs and processes, these are issues of facts which can be addressed after discovery has been held in this matter since Novak's declaration is rebutted by Heiberger's declaration that he is an inventor of the '223 Patent. The allegations in the proposed amended Complaint are plausible in that one of the named co-inventors of the '223 Patent was an employee of Lightning and had access to the designs and processes of Lightning's pallets. The Court grants Palltronics' Motion to Amend the Complaint.

### III. PENDING MOTION TO DISMISS BY PALIOT

In light of the Court granting Palltronics' Motion to Amend the Complaint, the current Motion to Dismiss filed by Paliot (ECF No. 29, filed 1/24/2023), currently under advisement, is dismissed without prejudice. "As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Collier*, 595 U.S. 411, 423 (2022) (quoting, *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010)). *See, Parry v. Mohawk Motors of Michigan, Inc.,* 239 F.3d 299, 306 (6th Cir. 2000) (When an amended complaint is filed, the new complaint

supersedes all previous complaints and controls the case from that point forward.)(citation omitted).

## IV.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that the Motion to Amend/Correct Complaint (ECF No. 50) is GRANTED.  The Amended Complaint must be filed within 14 days from the date of this Order.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 29) is DISMISSED without prejudice.


                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                United States District Judge

Dated: July 26, 2024