# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Palltronics, Inc.,

*Plaintiff*,

v.

PALIoT Solutions, Inc., f/k/a PALIoT
Solutions, LLC,

*Defendant*.

_____/

Case No. 2022-cv-12854

Judge Denise Page Hood

<br>

Steven A. Roach (P39555)
Marc N. Swanson (P71149)
Joel C. Bryant (P79506)
Anita C. Marinelli (P81986)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7591
roach@millercanfield.com
swansonm@millercanfield.com
bryant@millercanfield.com
marinelli@millercanfield.com

Jacob D. Koering
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
225 W. Washington Street, Suite 2600
Chicago, IL 60606
Phone: (312) 460-4200
koering@millercanfield.com

*Attorneys for Plaintiff*

R. Christopher Cataldo (P39353)
Jon Sriro (P52100)
Paul R. Hage (70460)
TAFT STETTINIUS & HOLLISTER LLP
27777 Franklin Road, Suite 2500
Southfield, Michigan, 48034
Phone: (248) 351-3000
ccataldo@taftlaw.com

*Attorneys for Defendant*

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff Palltronics Inc., by and through its attorneys, brings this Motion to Compel Discovery Responses under Fed. R. Civ. P. 37(a)(3)(B). In support of this Motion, Palltronics relies on the statement of facts and argument of law outlined in the attached supporting brief.

Under Local Civil Rule 7.1(d), on December 17, 2024, Plaintiff's counsel sought concurrence from Defendant counsel for the relief sought. There was a telephonic conference between attorneys on December 20, 2024, during which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Plaintiff Palltronics, Inc. respectfully requests that this Court to grant this motion, order Defendant to produce the requested documents and responses to Request for Production Nos. 1-17, 20-30, 32-42, 44-59, 64-65, 68, 72, 74-76, 79-81, 83-86, and 88-94 and Interrogatory Nos. 2-18 within 7 days and award Palltronics such further relief as this Court finds appropriate.

Respectfully submitted,

By:/s/ *Jacob D. Koering*
Jacob D. Koering
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
227 W. Monroe Street, Suite 3600
Chicago, IL 60606
(312) 460-4200
koering@millercanfield.com

Steven A. Roach (P39555)
Marc N. Swanson (P71149)

1

Joel C. Bryant (P79506)
Anita C. Marinelli (P81986)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7591
roach@millercanfield.com
swansonm@millercanfield.com
bryant@millercanfield.com
marinelli@millercanfield.com

Dated: January 10, 2025

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Palltronics, Inc.,
        *Plaintiff*,

    v.

PALIoT Solutions, Inc., f/k/a PALIoT
Solutions, LLC,
        *Defendant*.

_____/

Case No. 2022-cv-12854

Judge Denise Page Hood

Magistrate Judge Curtis Ivy, Jr.

Steven A. Roach (P39555)
Marc N. Swanson (P71149)
Joel C. Bryant (P79506)
Anita C. Marinelli (P81986)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7591
roach@millercanfield.com
swansonm@millercanfield.com
bryant@millercanfield.com
marinelli@millercanfield.com

Jacob D. Koering
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
225 W. Washington Street, Suite 2600
Chicago, IL 60606
Phone: (312) 460-4200
koering@millercanfield.com
*Attorneys for Plaintiff*

R. Christopher Cataldo (P39353)
Jon Sriro (P52100)
Paul R. Hage (70460)
TAFT STETTINIUS & HOLLISTER LLP
27777 Franklin Road, Suite 2500
Southfield, Michigan, 48034
Phone: (248) 351-3000
ccataldo@taftlaw.com

*Attorneys for Defendant*

_____

## **PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES**

## **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES……………………………………………… iii

STATEMENT OF ISSUE PRESENTED……………………………… iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY……………… vi

I.    INTRODUCTION………………………………………………….. 1

II.    BACKGROUND…………………………………………………… 1

    A.    Defendant's Unlawful Activity………………………………… 1

    B.    Palltronics' Discovery Requests……………………………….. 2

III.    LEGAL STANDARD……………………………………………… 5

IV.    ARGUMENT……………………………………………………… 5

    A.    PALIoT's Boilerplate Objections are Improper and Waived…… 5

    B.    PALIoT's Attempt to Avoid Discovery Based on its
        Unilateral Revisions of Palltronics' Requests is Improper…….. 7

        1.    Palltronics' definition of Assets controls the applicable
            requests………………………………………………….. 8

        2.    PALIoT has more than sufficient information to respond
            to Palltronics' Requests………………………………… 11

        3.    PALIoT's true argument unsupported and unsupportable  12

    C.    A Forensic Examination of PALIoT's Computer Is
        Warranted Here……………………………………………………16

    D.    PALIoT's Corporate Formation Documents…………………… 18

i

# <u>TABLE OF CONTENTS</u> (cont.)

PAGE

E.    Patent Preparation and Filing Documents Are Centrally
      Relevant To Palltronics' Correction of Inventorship And
      Patent Ownership Claims…………………………………………..18

V.    CONCLUSION…………………………………………………….. 19

ii

# <u>TABLE OF AUTHORITIES</u>

PAGE

**Cases**

*Baker v. City of Trenton*,
  No. 16-12280, 2018 WL 9619322 (E.D. Mich. May 31, 2018) ....................7, 16

*Cratty v. City of Wyandotte*,
  296 F. Supp. 3d 854 (E.D. Mich. 2017) ............................................................13

*Dura Glob. Techs., Inc. v. Magna Donnelly, Corp.*,
  No. CIV. A. 07-CV-10945, 2007 WL 4303294 (E.D. Mich. Dec. 6,
  2007) .................................................................................................................15

*Inteliclear, LLC v. ETC Global Holdings, Inc.*,
  978 F.3d 653 (9th Cir. 2020) ............................................................................14

*John B. v. Goetz*,
  531 F.3d 448 (6th Cir. 2008) ............................................................................17

*Johnson v. S.W. Pub. Serv. Co.*,
  No. CV 11-413.....................................................................................................10

*Keel v. Wacker Chem. Corp., LLC*,
  No. CV 20-10085, 2020 WL 12688177 (E.D. Mich. Nov. 10,
  2020) .................................................................................................................13

*Learning Curve Toys, Inc. v. Playwood Toys, Inc.*,
  342 F.3d 714 (7th Cir. 2003) ............................................................................14

*Marquis ProCap System, LLC v. Novozymes North America, Inc.*,
  2021 WL 3192158 (C.D. Ill. July 28, 2021).......................................................15

*MSP Recovery Claims, Series LLC v. Auto Club Ins. Assn.*,
  No. 21-11606, 2022 WL 4369958 (E.D. Mich. Sept. 21, 2022) .........................6

*Pensmore Reinforcement Techs., LLC v. McClay Industries Pty, Ltd.*,
  No. 20-13073, 2022 WL 16575429 (E.D. Mich. Nov. 1, 2022) .........................7

*Porous Media Corp. v. Midland Brake Inc.*,
  187 F.R.D. 598 (D. Minn. 1999) ......................................................................15

iii

# TABLE OF AUTHORITIES (cont.)

PAGE

**Cases (cont.)**

*Sennco Sol'ns, Inc. v. Mobile Techs., Inc.,*
    2020 WL 8836070 (D. Ore. Dec. 21, 2020) ........................................................14

*Siser N.A., Inc. v. Herika G. Inc.,*
    325 F.R.D. 200 (E.D. Mich. 2018) .................................................................5

*Trek, Inc. v. ITR Am., LLC,*
    No., 2017 WL 11533311 (E.D. Mich. Nov. 9, 2017).........................................17

**Statutes**

35 U.S.C § 256 ....................................................................................................19

**Court Rules**

Fed. R. Civ. P. 26 ................................................................................................vi

Fed. R. Civ. P. 26(b)(1) .......................................................................................5

Fed. R. Civ. P. 33 ................................................................................................vi

Fed. R. Civ. P. 33 and 34 ....................................................................................7

Fed. R. Civ. P. 33(b) ...........................................................................................6

Fed. R. Civ. P. 34 ................................................................................................vi

Fed. R. Civ. P. 34(b)(1)(C) .................................................................................7

Fed. R. Civ. P. 34(b)(2)(B) .................................................................................6

Fed. R. Civ. P. 37 ......................................................................................v, vi, 5

Fed. R. Civ. P. 37(a)(3)(B)(iii)- ........................................................................5

Fed. R. Civ. P. 37(a)(4) .......................................................................................5

Fed. R. Civ. P. 37(a)(5)(A) .................................................................................5

## <u>STATEMENT OF ISSUE PRESENTED</u>

Should this Court find Defendant's boilerplate objections to be improper and that Defendant's remaining objections to be meritless and enter an order under Fed. R. Civ. P. 37 compelling Defendant to produce the documents and information sought in Plaintiff's first set of discovery requests?

**Palltronics' answer: Yes.**

**PALIoT's would answer: No**

**This Court should answer: Yes**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 26

Fed. R. Civ. P. 33

Fed. R. Civ. P. 34

Fed. R. Civ. P. 37

## I.    INTRODUCTION

This case involves PALIoT's willful misappropriation of Palltronics' confidential information and trade secrets. As Palltronics has alleged, and this Court found it likely to succeed in proving, PALIoT built its business by usurping the technology and business ideas of Lightning Technologies, Inc., the rights to which were purchased by Palltronics out of bankruptcy. Palltronics has already submitted hundreds of pages of evidence in support of its arguments explaining its position and defining its claims.

While PALIoT claims Palltronics is wrong as to its positions, now – as the parties turn to discovery – PALIoT is trying to avoid producing nearly all discovery requested by Palltronics, including discovery that would prove or disprove PALIoT's defenses. PALIoT's refusal to produce discovery is not based on any valid legal theory or the facts of this case. Instead, it is based on the simple goal of continuing to frustrate Palltronics' attempts to protect the assets it purchased. Its obstructionist approach to discovery should be rejected, and answers to discovery and production of documents compelled.

## II.    BACKGROUND

### A.    *Defendant's Unlawful Activity*

This is an action to remedy PALIoT's misappropriation and further use of Palltronics' trade secrets and other proprietary information related to a high-tech

smart shipping pallet that were purchased during a bankruptcy sale from Lightning Technologies, Inc. ("Lightning"). *See PI Order*, ECF No. 33, PageID.1497-1500. On November 23, 2022, Palltronics brought its Complaint to protect its trade secrets and filed a Motion for Temporary Restraining Order and Preliminary Injunction shortly thereafter. *See generally Complaint*, ECF No. 1, PageID.1-29; *see also Mot. For Preliminary Injunction*, ECF No. 8, PageID.599-630.

On February 27, 2023, this Court granted the motion for preliminary injunction ordering that "Defendant, its employees and agents, are enjoined from using any Trade Secrets set forth in Schedule 2.1.4 of the Asset Purchase Agreement." ECF No. 33, PageID.1503. PALIoT then filed a motion to dismiss, ECF No. 29, PageID.1373-1405, which this Court subsequently denied, ECF No.62, PageID.2508. The Court entered a scheduling order on October 8, 2024 and the parties began conducting discovery. ECF No. 74, PageID.3536.

### B.    *Palltronics' Discovery Requests*

Palltronics served its first set of interrogatories and requests for production (collectively, "Requests") on October 16, 2024. Exhibit 1 – Palltronics' Requests. Palltronics' Interrogatories seek information on topics, including but not limited to:

- Identification of "sources of financial funding." Rog No. 4;

- Identification of "suppliers." Rog No. 5;

- Descriptions of "efforts to advertise, market, sell or rent the PALIoT Pallet." Rog No. 8;

- Identification of "workplace collaboration tools" used in the "research, conception, design, development, reduction to practice, manufacture, sue, marketing, sale, or rental of the PALIoT Pallet." Rog No. 9;

- Identification of person in possession of Lightning Assets and Lightning Assets used in the development of the PALIoT Pallet." Rog Nos. 11, 13, 14;

- Identification of Lightning Assets that are not Lightning IP and the reasons. Rog No. 12;

- Identification of materials and process used to manufacture and assemble the Lightning Pallet. Rog No. 15;

- Identification of sales volumes, geographic locations of sales, customers, distributors, manufacturers. Rog Nos. 16, 17, 18.

Plaintiff seeks documents related to:

- Documents concerning the research, development, and design of the PALIoT pallet including agreements with persons involved in the foregoing, documents provided to third parties regarding the same, compensation for persons involved with the foregoing. RFP Nos. 1, 2, 3, 11, 12, 13;

- Documents relating to advertising, marketing, rental, or sale of the PALIoT pallet. RFP No. 5;

- Documents relating to customers, business plans, suppliers, and trade shows. RFP Nos. 6, 7, 8, 9, 10, 14;

- Documents referring to the assets of Lightning and/or Palltronics. RFP Nos. 16, 18, 19, 31, 37, 38, 41;

- Documents referring to PALIoT's attempts to secure patent protection. RFP No. 17; and

- Documents referring to entities that are known to work with Lightning, Palltronics, and/or PALIoT. RFP Nos. 20-30, 32-36.

The documents and information sought in Palltronics' Requests are highly relevant to PALIoT's misappropriation of confidential and trade secret information belonging to the Palltronics to start up a competing business using said trade secrets after not being the successful bidder in the bankruptcy sale.

On November 15, 2024, PALIoT provided its "responses" to Palltronics' Requests that were an amalgamation of boilerplate objections and a refusal to answer. Exhibit 2 – PALIoT Responses. Palltronics' sent a deficiency letter on December 2, 2024 outlining the plethora of deficiencies and requested a meet and confer. Exhibit 3 – Deficiency Letter. PALIoT's counsel responded to subset of the issues on December 17, 2024. Exhibit 4 – Response Letter. The parties subsequently held a telephonic meet and confer but were unable to resolve the disputes.

## III.   LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to properly respond to interrogatories and requests for production under the Federal Rules, the propounding party may file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii)- (iv). For purposes of Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "[B]oilerplate objections are legally meaningless and amount to a waiver of an objection." *Siser N.A., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209 (E.D. Mich. 2018). If a court grants a Rule 37 motion to compel, then it must award reasonable expenses and attorney's fees to the successful party. Fed. R. Civ. P. 37(a)(5)(A).

## IV.   ARGUMENT

### A.   *PALIoT's Boilerplate Objections are Improper and Waived*

First, PALIoT has included numerous general, unexplained boilerplate objections to both the interrogatories and requests for production, which should be deemed waived. These objections are included in Defendant's responses to Interrogatory Nos. 2-3, 5-10, and 15-18 and Requests for Productions Nos. 1-17, 20-30, 32-37, 39-42, 44-58, 64, 68, 72, 74-76, 79-81, 83-86, and 88-90. Each of these responses include some combination of the following unexplained objections:

5

- That the request sought irrelevant information;

- That the request was not reasonably calculated to lead to admissible evidence;

- That the request was being sought for an improper purpose;

- That the request was being sought for a harassing purpose;

- That the request was disproportionate given the needs of this case; and

- That the request was unduly burdensome.

Exhibit 5 – PALIoT Objections;[1] *see also* Exhibit 3 – PALIoT Responses. These objections were not explained, generally or specifically, as to how they applied to the identified request.

Such generalized and unexplained objections are improper because they fail to provide meaningful information to the other side as to why information is being withheld or what information will be produced. Under Fed. R. Civ. P. 33(b), "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Objections to requests for production must "state with specificity the grounds for objecting to the request, including the reason." Fed. R. Civ. P. 34(b)(2)(B). "Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court." *MSP Recovery Claims, Series LLC v. Auto Club Ins. Assn.*, No. 21-11606, 2022 WL 4369958, at *1 (E.D. Mich. Sept. 21, 2022).

---

[1] For ease of reference for the Court, Palltronics has created a table summarizing the categories of objections and to which requests PALIoT has asserted they apply. *See* Exhibit 5 – PALIoT Objections.

> A boilerplate objection is invariably general. Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court. Defendants' objections that the requests are overbroad, irrelevant, seeking confidential information, etc. are boilerplate. [A] party cannot rely upon a boilerplate objection that simply uses the terms undue burden, or overly broad as if the very terms were self-proving.

*Pensmore Reinforcement Techs., LLC v. McClay Industries Pty, Ltd.*, No. 20-13073, 2022 WL 16575429, at \*2 (E.D. Mich. Nov. 1, 2022) (internal citations omitted). Moreover, "objections based on a claim that a discovery request is not 'reasonably calculated to lead to admissible evidence' rely on an outdated standard" and are thus meaningless. *Baker v. City of Trenton*, No. 16-12280, 2018 WL 9619322, at \*1 (E.D. Mich. May 31, 2018).

Here, not only were PALIoT's objections unexplained, but PALIoT compounded that problem by making the objections tautological, stating they applied "to the extent" the requests were objectionable, and by making their application unclear, stating the responses were made "without waving these objections." *See e.g.,* Exhibit 2 – PALIoT Response at RFP No. 5 and 49 and Rog No. 2. Thus, PALIoT did not explain what information may be being withheld as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(1)(C)("An objection must state whether any responsive materials are being withheld on the basis of that objection.") PALIoT's boilerplate objections fail the specificity obligations of Fed. R. Civ. P. 33 and 34 and should be deemed waived and overruled.

**B.    PALIoT's Attempt to Avoid Discovery Based on its Unilateral Revisions of Palltronics' Requests is Improper**

Once PALIoT's boilerplate objections are eliminated, the only remaining overarching objections relate to Palltronics' requests seeking discovery regarding the most important discovery topic in this case: PALIoT's products and its business. PALIoT has refused to provide discovery as to any details regarding its business, whether it be about the development and structure of its pallet, RFP Nos. 1-3, 11-13; Rog. No. 9, its marketing, sales or advertising efforts regarding that pallet, RFP Nos. 5-10, 14, 16-18; Rog. No. 8, its communications with business partners about its pallet business, RFP Nos. 20-30, 32-36; Rog Nos. 4-5, or how those products and its business relate to the assets, property, or other rights of Lightning, RFP Nos. 16, 18, 19-30, 31-38, 41; Rog Nos. 11-15. PALIoT refuses this critical discovery based on three positions: (1) its improper revision of Palltronics' definition of "Lightning Assets," (2) its argument about whether Palltronics has sufficiently identified its trade secrets, and (3) its resulting argument that, essentially, any discovery about its business is overbroad and unduly burdensome. Palltronics will take each insufficient objection in turn.

*1.    Palltronics' definition of Assets controls the applicable requests*

In its Requests, Palltronics defined the term "Lightning Assets" to mean "the assets, properties, and other rights used, useful or capable of being used in connection with Lightning's business at any time up to the Sale Order." Exhibit 1 -

8

Palltronics' Requests at page 6; *see also* RFP Nos. 64, 65, 76; Rog Nos. 11-14 (requests referring to "Lightning Assets"). PALIoT makes no assertion that it does not understand this phrase as written. Nor could it, as PALIoT was founded by and was made up of no less than nine former Lightning employees who obviously know Lightning's business. ECF No. 8-1, PageID.643-644; *see also Order on Mot. for Reconsideration*, ECF No. 46, PageID.1752 ("The Court noted in its Order, and as admitted by the Declaration submitted by Defendant, many of Lightning's employees are now employed by Defendant, including Lightning's former Chief Executive Officer and Chairman. (ECF No. 33, PageID.1501; ECF No.20-2, PageID.891).")

Instead of addressing the requests as written, PALIoT objected to the definition for the term "Lightning Assets" claiming it was "inaccurate" based on an PALIoT's interpretation of the term "Assets" from the Asset Purchase Agreement. Exhibit 2 – PALIoT Responses at 1. PALIoT's revisionary definition does not provide a basis to refuse discovery on these requests.

First, PALIoT's application of this objection to requests that did not use the term "Lightning Assets" is a red herring. The stated objection is inapplicable to at least RFP Nos. 3-7, 10-11, 13, 52, and 74-75 and Rog Nos. 1-10 and 15-18, none of which include the term "Lightning Assets." Exhibit 1 - Palltronics' Requests. PALIoT offers no argument for why its objection to the term "Lightning Assets"

would apply to discovery requests that do not use that term. Therefore, any objection about the identification of "Assets" in these requests is misplaced and should be stricken.

Second, to the extent PALIoT seeks to inject its own definition of "Assets" into its responses, that effort is improper. *See Johnson v. S.W. Pub. Serv. Co.*, No. CV 11-413 JP/GBW, 2011 WL 13277506, at *2 (D.N.M. Dec. 13, 2011) ("Insofar as the definitions apply to subsequently compelled answers to these interrogatories, Plaintiff shall provide answers consistent with the provided definitions.") It is Palltronics' position that it purchased all assets, properties and other rights of Lightning during the underlying bankruptcy proceeding, which Palltronics contends includes all aspects of the business that were "used, useful or capable of being used in connection with Lightning's business[.]" Exhibit 1 - Palltronics' Requests.

It is further Palltronics' position that PALIoT improperly took those "assets, properties and other rights" and used them for its own business. As such, discovery regarding any such "assets, property and other rights" are relevant to the claims and defenses in the case. Palltronics' definition of Lightning Assets properly reflects these positions and seeks discovery relevant to and consistent with those positions. Defendant cannot avoid such discovery by re-defining that term to something else, which is not what the requests seek.

2. *PALIoT has more than sufficient information to respond to Palltronics' Requests*

PALIoT's allegation that Palltronics has not sufficiently identified its trade secrets does not provide a basis for PALIoT's refusal to provide discovery either. PALIoT objected to Request for Production Nos. 1-14, 20-30, 32-36, 38, 44-52, 54, 57, 64, 68, 72, 74-76, and 80-81 and Interrogatory Nos. 1-2, 4, 6-10, and 15-18 on the grounds that, as of the time of PALIoT's discovery responses, Palltronics had not sufficiently responded to outstanding discovery requiring identification of its trade secrets. *See* Exhibit 5 – PALIoT Objections. PALIoT made this objection even though Palltronics timely responded to discovery and provided responses regarding its trade secret information. And PALIoT has continued its objection based on its belief the trade secret information must be more specifically defined to some as-of-yet-undefined level of detail. PALIoT's objection fails for two reasons.

First, like its objection to the term "Lightning Assets," PALIoT has asserted its arguments about identifying "trade secrets" in response to numerous discovery requests that have nothing to do with Palltronics' trade secrets or their application to PALIoT's products. *See* Exhibit 2 – PALIoT Responses at RFP Nos. 1, 10-11, 20-30, 32-36, 38, 45-49, 57, 64, 74, and 80 and Interrogatory Nos. 1-2, 4, 6-10, and 15-18. For example, RFP No. 1 requests agreements with persons who contributed to development of PALIoT's product, but PALIoT has objected using a blanket trade secrets objection. *See* Exhibit 1 – Palltronics' requests at RFP No. 1. Because the

11

objections are inapplicable, they do not provide a basis for PALIoT's refusal to provide discovery.

Second, even when requests sought discovery on PALIoT's products, which Palltronics contends contain or are based on Palltronics' trade secrets, those requests were not based on any specific definition of trade secrets. *See* Exhibit 1 – Palltronics Requests at RFP Nos. 1-15, 17-37, 39-48, 50-58, 62-63, 72, 74-75, 77-81, 83-95 and ROG Nos. 2-10, 15-19. Instead, Palltronics asked pointed and specific requests directed towards PALIoT's product, its conception, design, manufacture, sales, marketing plans, proposals, and the like. These requests are in no way dependent on identification of any trade secrets by Palltronics. Indeed, if PALIoT is correct in its assertion that its product in no way incorporates Palltronics trade secrets, ECF No. 20, PageID.864 ("PALIoT is not using any of the erroneously labeled trade secrets"),[2] discovery regarding those products, by PALIoT's logic, is not dependent on the identification of Palltronics' trade secrets at all.

### 3. *PALIoT's true argument unsupported and unsupportable*

PALIoT combines these objections to assert the following argument in substantially the same form in nearly all of its responses, stating:

> [T]he request is overbroad and unduly burdensome as it essentially asks Defendant to produce all documents regarding its pallet, materials,

---

[2] Moreover, if PALIoT can claim that it is not using any of Palltronics' trade secrets then it certainly knows what those trade secrets are as Palltronics has currently defined them.

process, manufacture and technology irrespective of any link to any protected IP of Lightning Technologies and its disproportionate to the needs of the case.[3]

Exhibit 2 – PALIoT Responses at RFPs Nos. 3-4. The core of this Gish-gallop of objections (which are generally unexplained)[4] boils down to PALIoT's argument-through-objection that <u>any</u> discovery regarding its business is somehow improper because Lightning's rights (and therefore Palltronics' rights) were limited. In other words, PALIoT claims it does not have to provide discovery because PALIoT believes it is right in this case. Not surprisingly, PALIoT's evasion of discovery is unsupported and unsupportable.

First, a party cannot avoid discovery based solely on the claim that it is correct on a disputed issue. *Keel v. Wacker Chem. Corp., LLC*, No. CV 20-10085, 2020 WL 12688177, at *2 (E.D. Mich. Nov. 10, 2020) ("The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position.") Here, the issues of what rights existed at Lightning and what rights were passed to Palltronics are issues to be resolved in this case. Similarly, whether those rights

---

[3] PALIoT's competitive concerns are more than adequately addressed by Palltronics' motion for a protective order in this case, ECF No. 79, PageID3548-3564, to which PALIoT ironically would not agree.

[4] "A party objecting to a request for production of documents as burdensome must submit affidavits or other evidence to substantiate its objections." *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017).

13

constitute protectable IP is also an issue to be resolved. PALIoT cannot preempt their resolution by merely claiming it disagrees with Palltronics' position. Notably, PALIoT takes this position despite this Court twice already denying the exact positions it asserts here. *See e.g., PI Order*, ECF No. 33, PageID.1497-1500; *Order on Mot. for Reconsideration*, ECF No. 46, PageID.1747-1754.

Second, PALIoT's implicit argument that it has no obligation to produce discovery because Palltronics has failed to sufficiently define its trade secrets is contrary to the facts and applicable law. As courts recognize, the purpose of any initial identification of trade secrets is to "put defendant on notice of the nature of plaintiff's claim and enable defendant to determine the relevancy of any requested discovery…." *Sennco Sol'ns, Inc. v. Mobile Techs., Inc.*, 2020 WL 8836070, * 3 (D. Ore. Dec. 21, 2020). Thereafter, "discovery provides an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification … Refining trade secret identifications through discovery makes good sense." *Inteliclear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020). After all, a "trade secret 'is one of the most elusive and difficult concepts in the law to define.'" *Learning Curve Toys, Inc. v. Playwood Toys, Inc.*, 342 F.3d 714, 723 (7th Cir. 2003). And, even where a defendant may have legitimate questions about a trade secret definition or its application, "it can ask follow-up questions or use other discovery methods to clarify [the trade secret holder's] responses. A

discovery dispute is not the appropriate time to resolve dispositive issues." *Marquis ProCap System, LLC v. Novozymes North America, Inc.*, 2021 WL 3192158, *3 (C.D. Ill. July 28, 2021).

Here, and again, Palltronics has already laid out its position regarding trade secrets in detail in both briefing and supporting affidavits. This Court already found that level of detail to be sufficient not only to state a claim, but to grant a preliminary injunction. That Palltronics' trade secrets have already been sufficiently defined for discovery to proceed appears to have been decided. PALIoT's claim that it can withhold discovery because it wants <u>more</u> definition is just an attempt to avoid legitimate discovery.

The cases PALIoT cited during the meet-and-confer process on this issue are not to the contrary. In *Porous Media Corp. v. Midland Brake Inc.*, 187 F.R.D. 598, 600 (D. Minn. 1999), the court required the plaintiff to identify its trade secrets with the "same specificity it will be expected to provide" in the context of achieving an injunction or dispositive adjudication. Palltronics has already provided this level of detail. This Court has already found enough specificity in Palltronics' disclosed trade secrets to grant a preliminary injunction. *See Mot. For Preliminary Injunction*, ECF No. 8, PageID.599-630.

In *Dura Glob. Techs., Inc. v. Magna Donnelly, Corp.*, No. CIV. A. 07-CV-10945, 2007 WL 4303294, at *2 (E.D. Mich. Dec. 6, 2007), the Court required the

trade secret owner to identify its trade secrets with more particularity only prior to "seeking discovery of Defendant's trade secrets." As outlined above, Palltronics' requests have nothing to do with PALIoT's trade secrets. And as further outlined above, Palltronics has sufficiently identified its trade secrets—so much so that this Court had no trouble granting an injunction. *See PI Order*, ECF No. 33, PageID.1497-1500; *Mot. For Preliminary Injunction*, ECF No. 8, PageID.599-630.

PALIoT's objection based on an alleged failure of Palltronics' to identify its trade secrets with specificity should be overruled and PALIoT compelled to respond.

### C.    *A Forensic Examination of PALIoT's Computer Is Warranted Here*

Request for Production No. 58 seeks "Forensic images of any laptop or computer of any former Lightning employee or independent contractor currently in the possession of any PALIoT employee or independent contractor." Exhibit 1 - Palltronics' Requests. Defendant objected in boilerplate fashion citing proportionality, harassment, and that the request is not reasonably calculated to lead to admissible evidence. Setting aside that "objections based on a claim that a discovery request is not 'reasonably calculated to lead to admissible evidence' rely on an outdated standard," *Baker v. City of Trenton*, No. 16-12280, 2018 WL 9619322, at *1 (E.D. Mich. May 31, 2018), the request is not for the purposes of harassment and directly related to the claims asserted in the amended complaint.

Palltronics alleges, and this court has found a likelihood of success on the merits of, misappropriation of trade secrets. PALIoT's only means of acquiring the trade secrets at issue was through violation of confidential relationships of ex-employees and/or retention of information in the underlying bankruptcy sale. Moreover, PALIoT has already showed a willingness to violate these relationships when it hijacked Lightning's LinkedIn website. *See* ECF No. 1-9, PageID.471; ECF No. 1-10, PageID.567-571.

It is true that the Sixth Circuit has explained that forensic imaging and production of opposing parties' computers should be used sparingly: "[C]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantial in nature." *John B. v. Goetz*, 531 F.3d 448, 459–60 (6th Cir. 2008) (cleaned up). However, whereas here, the alleged trade secrets, combined with the evidence presented by Palltronics, demonstrates a need and that forensic imaging is appropriate. *See e.g., Trek, Inc. v. ITR Am., LLC*, No., 2017 WL 11533311, at *10 (E.D. Mich. Nov. 9, 2017), *report and recommendation adopted,* No. 2:16-CV-13767, 2017 WL 11533312 (E.D. Mich. Dec. 4, 2017) (granting motion to compel forensic imaging of opposing party's computer in trade secret case).

### D. PALIoT's Corporate Formation Documents

Request for Production No. 79 sought "documents regarding the corporate formation and governance of PALIoT." Exhibit 1 - Palltronics' Requests. PALIoT objects to this request citing relevance and the outdated "reasonably calculated" standard, and then only offering to produce an organizational chart—something that they still have yet to do. Exhibit 2 - PALIoT Responses. The corporate records are relevant because the formation of PALIoT as an entity during the pendency of the underlying bankruptcy and any subsequent modifications and governance documents are relevant to Palltronics' trade secret and computer fraud claims, which seek information on what assets were used in the business, how they were used, and who had access to them. Palltronics' is entitled to determine when PALIoT was formed, who was involved in its formations, the circumstances surrounding its formation, and other related corporate information, which is relevant to the underlying claims.

### E. Patent Preparation and Filing Documents Are Centrally Relevant To Palltronics' Correction of Inventorship And Patent Ownership Claims

Requests for Production Nos. 84-86 and 88-89 requested documents related to various patent applications including documents regarding preparation and filing of applications, documents regarding conception, reduction to practice, and development, and documents regarding inventorship. Exhibit 1 - Palltronics'

18

Requests. Defendant has limited its response stated that it "will produce the non-privileged documents *showing communications with the USPTO,* if any, regarding the Patent." (emphasis added). Exhibit 2 - PALIoT Requests. These requests, however, go far beyond requesting publicly available correspondence with the USPTO related to these patent applications. In the First Amended Complaint, Palltronics has asserted claims for Correction of Inventorship (35 U.S.C § 256) and Declaratory Judgment regarding ownership of said patent. Thus, the records requested regarding the prosecution of the patent and related applications, beyond what Defendant communicated with the USPTO, are squarely relevant to Palltronics' claims and within the scope of discovery.

## V.    CONCLUSION

Request for Production Nos. 1-17, 20-30, 32-42, 44-59, 64-65, 68, 72, 74-76, 79-81, 83-86, and 88-94 and Interrogatory Nos. 2-18 within 7 days, and award Palltronics such further relief as this Court finds appropriate.

Respectfully submitted,

By:/s/ *Jacob D. Koering*
Jacob D. Koering
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
227 W. Monroe Street, Suite 3600
Chicago, IL 60606
(312) 460-4200
koering@millercanfield.com

Steven A. Roach (P39555)
Marc N. Swanson (P71149)

19

Joel C. Bryant (P79506)
Anita C. Marinelli (P81986)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7591
roach@millercanfield.com
swansonm@millercanfield.com
bryant@millercanfield.com
marinelli@millercanfield.com

Dated: January 10, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I filed the foregoing via the Court's

CM/ECF System, which will automatically provide notice of the filing to all

registered participants in this matter.

By:/s/ *Jacob D. Koering*
Jacob D. Koering
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
227 W. Monroe Street, Suite 3600
Chicago, IL 60606

43125587.8/160707.00005

20