UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PALLTRONICS, INC., | Case No. 22-12854 |
| Plaintiff, | Denise Page Hood |
| v. | United States District Judge |
| PALIoT SOLUTIONS, INC., | Curtis Ivy, Jr. |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENAS
(ECF No. 97)**

Presently before the Court is Defendant's motion to quash Document Request No. 3 of the subpoenas that Plaintiff served on non-party entities Ultimate Linings, LLC ("UL"), Air and Liquid Systems, Inc. ("ALSI"), FANUC America Corporation ("FANUC"), ATS Assembly and Test, Inc. ("ATS"), Microban International, Ltd. ("Microban"), and BASF Corporation ("BASF") (collectively, "non-parties").  (ECF No. 97).  The motion is fully briefed.  (ECF Nos. 98, 99).  For the following reasons, Defendant's motion is **DENIED**.

I.   BACKGROUND

Though Plaintiff's subpoenas contained the same six document requests, Defendant only takes issue with Document Request No. 3.  This request reads as follows:

> Produce Documents and Communications that refer or relate to the PALIoT Pallet, including but not limited to documents that refer to or relate to the features, benefits, or usage of the PALIoT Pallet, or the research, conception, design, specifications, development, manufacture, assembly, use, or business application of the PALIoT Pallet.

(*See, e.g.*, ECF No. 97-1, PageID.4588). Defendant seeks an order from the Court quashing this document request.

The subpoenaed non-parties are all vendors from which Defendant purchases products or services used to manufacture its pallet. (ECF No. 97, PageID.4564-66 (describing Defendant's relationships with the non-parties)). Defendant asserts that it considers its business information in the non-parties' possession to be confidential and proprietary; Defendant also asserts that disclosure of that information would harm its business, especially if disclosed to a competitor. (*Id.*). Defendant provided a sworn declaration from Star Smith, Defendant's former Director of Quality, averring to the same. (ECF No. 97-1).

Defendant contends that it has standing to move to quash Document Request No. 3 because of its personal interest in its confidential and proprietary business information. (ECF No. 97, PageID.4567-68). In doing so, Defendant emphasizes its non-disclosure agreements ("NDAs") with UL, ALSI, BASF, and ATS. Defendant did not, however, include copies of the NDAs with its motion. (*Id.* at PageID.4564-66, PageID.4568). From there, Defendant objects to Document Request No. 3 as (1) irrelevant, (2) overbroad and therefore unduly burdensome on

the non-parties, (3) seeking confidential information, and (4) premature considering the then-pending motion for a protective order.[1] (*Id.* at PageID.4568-72).

Plaintiff opposes Defendant's motion, arguing that Defendant's confidentiality interest does not confer standing to move to quash the subpoenas. (ECF No. 98, PageID.4657-59). Plaintiff also maintains that its then-proposed protective order adequately protected any confidentiality concerns. (*Id.* at PageID.4657-59). It also posits that because Defendant is a party before the Court, it lacks the standing to challenge Plaintiff's subpoenas on relevance or undue burden grounds. (*Id.* at PageID.4657-58). And Plaintiff argues that Defendant's relevancy objection is meritless. (*Id.* at PageID.4659-60). Plaintiff did not address any further Defendant's undue burden, confidentiality, or prematurity arguments.

In its reply brief, Defendant argues that Plaintiff is mistaken regarding standing, affirms the legitimacy of its relevance objection, points out Plaintiff's failure to address some of its arguments, urges the Court to consider those unaddressed issues conceded, and asks the Court to grant its motion. (ECF No. 99, PageID.4665-68). Defendant also states that any production in response to

---

[1] The Court granted Plaintiff's motion for a two-tiered protective order and entered such an order on May 20, 2025. (ECF Nos. 100, 101).

3

Document Request No. 3 should "occur only pursuant to the protective order." (*Id.* at PageID.4668).

## II. ANALYSIS

A. <u>Governing Standards</u>

As this Court has said elsewhere:

> Generally, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006)). But if the moving party shows that the third-party subpoena would violate their privilege or personal right, they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). The party seeking to quash a third-party subpoena must meet a heavy burden of proof. *Wells*, 2006 WL 3203905, at *2. For example, a party who makes no claim of privilege or personal right considering the heavy burden lacks standing to quash a third-party subpoena. *Underwood*, 2008 WL 5235992, at *1.

*Williams v. Eastpointe Cmty. Schs.*, No. 2:23-cv-12155, 2025 WL 1118579, at *1 (E.D. Mich. Apr. 15, 2025). *See Ajuba Int'l, LLC v. Saharia*, No. 11-cv-12936, 2014 WL 4793846 (E.D. Mich. Sept. 25, 2014) (adding that a party may have standing to quash a subpoena directed at a non-party if that party asserts a "proprietary interest"). To satisfy its "heavy burden," a party-movant cannot rely on conclusory assertions of a protectable interest or privilege. *See Swisher v. Apex Mktg. Mgmt. Inc.*, No. 2:25-cv-00434, 2025 WL 2450700, at *4 (S.D. Ohio Aug. 26, 2025) ("Defendants must make more than conclusory assertions of an interest

4

or privilege.") (internal quotation and citations omitted); *Carty v. Metro. Life Ins. Co.*, No. 3:15-cv-01186. 2018 WL 3861827, at *3 (M.D. Tenn. Aug. 14, 2018) (holding that "Rule 45 requires more than bald statements that the material demanded is sufficient to confer standing") (internal quotations omitted).

All that said, a subpoena served on a non-party under Rule 45 "is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 224 (E.D. Mich. 2016) (internal quotation and citation omitted).

Under Rule 26, parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel.*

5

*Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

B. Discussion

    1. Standing

Defendant contends that its personal confidential and proprietary interests in the business information in the non-parties' possession is sufficient to confer standing. On this argument, Plaintiff responds that Defendant cannot rely on its personal interest in confidentiality since "'confidentiality does not equate to privilege.'" (ECF No. 98, PageID.4657-59 (quoting *Nucorp, Inc. v. Does*, No. 2:11-CV-15222, 2012 WL 12961115, at *5 (internal quotations omitted). While "confidentiality does not equate to privilege," Defendant does not root its standing in any privilege. Nor must Defendant rely solely on any such privilege. *See Williams*, 2025 WL 1118579, at *1 (stating that standing may be based on a privilege *or* a personal interest). Courts in this Circuit have found a party-movant to have standing because of an asserted personal interest in confidential, proprietary information. *See, e.g.*, *Ajuba Int'l, LLC*, 2014 WL 4793846, at *2 (regarding a protectable proprietary interest); *Davis v. C&D Sec. Mgmt., Inc.*, No. 1:20-mc-74, 2020 WL 6485104, at *2-3 (N.D. Ohio Nov. 4, 2020) (finding that the movant had standing where it asserted its personal interest in "highly confidential,

6

proprietary, and commercially-sensitive" materials). So long as it satisfies its "heavy burden," Defendant can establish the requisite standing based on the asserted confidential and proprietary interests in the business information at issue.

Because Plaintiff erroneously believed that Defendant could not establish standing based on its asserted interest, Plaintiff did not address whether Document Request No. 3 would include confidential, proprietary documents. Plaintiff also did not address whether Defendant satisfied its "heavy burden." If anything, Plaintiff asserted that the then-pending motion for a two-tier protective order would adequately address any concerns regarding confidentiality. In rebuttal, Defendant stated that the protective order, if entered, did not moot its concerns; rather, it insisted that any production under Document Request No. 3 should take place pursuant to that protective order if entered by the Court.

The Court granted the motion for the two-tiered protective order shortly after the parties completed the briefing on this motion. (ECF Nos. 100, 101). This raises an issue the parties did not substantively address: Does the now-entered protective order address Defendant's confidential and proprietary interests and negate any such standing to move to quash the subpoenas?

There is some authority to suggest that the protective order nullifies Defendant's standing. In *Schweinfurth v. Motorola, Inc.*, the Northern District of Ohio addressed similar standing arguments as those made here. No. 1:05CV0024,

2007 U.S. Dist. LEXIS 108652, at *6-9 (N.D. Ohio Nov. 20, 2007).  Though Motorola sought a protective order, the court addressed whether Motorola had standing to move to quash the subpoenas at issue.  Motorola argued that the subpoenas targeted its protectable interest in confidential, proprietary business information, including documents subject to various NDAs.[2]  *Id.* at *6-7.  In determining that Motorola lacked standing, the court held that the existing protective order between the parties adequately protected Motorola's confidentiality concerns.  *Id.* at *8-9.

The Northern District of Illinois came to a similar conclusion in *Johnson & Johnson v. Advanced Inventory Management*, No. 20-CV-3471, 2020 WL 4904568 (N.D. Ill. Aug. 20, 2020).  The moving defendants sought to quash the subpoenas because they targeted confidential and proprietary information.  *Id.* at *3.  The non-movants stipulated that any production could occur with an "Attorneys' Eyes Only" designation pursuant to the confidentiality protective order that was in place.  *Id.*  Since the movants did not challenge the sufficiency of such a designation, the court—having addressed the limited grounds on which a party may move to quash a subpoena elsewhere in its opinion—held that the existing protective order

---

[2] There, Motorola did not provide copies of the NDAs to the Court.  *Schweinfurth*, 2007 U.S. Dist. LEXIS 108652, at *7 n.1.  Defendant here also did not provide copies of its NDAs.

8

provided sufficient protection and denied the motion to quash on confidentiality grounds. *Id.*

Likewise, this Court held, in part, that the party-movant lacked standing based on confidentiality where "a stipulated protective order [was] in place which contemplates the designation of 'confidential' to documents produced by a non-party." *McNaughton-McKay, Elec. Co. v. Linamar Corp.*, No. 09-CV-11165, 2010 WL 2560047, at *3 (E.D. Mich. June 15, 2010).

The Court is inclined to follow the authority cited above. Defendant conceded that any production of confidential and proprietary materials under Document Request No. 3 should "occur only pursuant to the protective order." (ECF No. 99, PageID.4668). Defendant therefore believes the protective order is sufficient to safeguard its confidential and proprietary materials that may be disclosed under Document Request No. 3.

Again, the Court recognizes that it granted the motion for the protective order *after* the parties completed their briefing. That said, there is only one case from Defendant's briefing on standing that had an existing protective order in place when assessing a party-movant's standing to move to quash a subpoena. In *Ajuba International, LLC*, this Court agreed that the defendants had standing pursuant to an asserted "personal or proprietary interest in the information sought" and partially quashed the subpoenas at issue. 2014 WL 4793846, at *2. Though

not referenced in the *Ajuba* Court's discussion on standing, the Court later referred to an existing protective order in the case. *Id.* Even so, the circumstances there are distinguishable from those here. In *Ajuba*, the movants expressly argued that the protective order was inadequate to insulate the confidential and proprietary information at issue. *Ajuba Int'l, LLC v. Saharia*, No. 11-cv-12936, ECF No. 189, PageID.3687-3688. As mentioned, however, Defendant here has agreed that any production should only occur under the protective order the Court has now entered.

Accordingly, Defendant lacks the requisite standing to move to quash Plaintiff's subpoenas now that a protective order is in place that adequately protects Defendant's concerns regarding its confidential and proprietary business information. *See Schweinfurth*, 2007 U.S. Dist. LEXIS 108652, at *6-9; *Johnson & Johnson*, 2020 WL 4904568, at *3; *McNaughton-McKay, Elec. Co.*, 2010 WL 2560047, at *3.

2. <u>Merits</u>

Even assuming Defendant satisfied its "heavy burden" regarding standing, the Court is not convinced that Defendant is entitled to the relief it seeks. Defendant argues that Document Request No. 3 should be quashed because it seeks irrelevant information, it is overbroad and therefore unduly burdens the subpoenaed non-parties, it targets confidential information, and it is premature. None of these objections are persuasive.

a. <u>Relevance, Overbreadth, and Undue Burden</u>

Plaintiff urges the Court to deny Defendant's motion because, in part, "a party 'lack[s] standing to challenge the subpoenas [to a non-party] on the grounds of relevance [or] undue burden.'" (ECF No. 98, PageID.4657-58 (quoting *Nucorp, Inc.*, 2012 WL 12961115, at *5)) (third alteration added). Defendant posits that Plaintiff is mistaken because the law on standing does not inform the applicable law on the merits and because *Nucorp, Inc.* does not stand for the principle that a party cannot object to a third-party subpoena based on relevance. (ECF No. 99, PageID.4667). But on this matter, the law favors Plaintiff.

Other federal district courts that have addressed this issue have routinely concluded that a party cannot challenge a subpoena directed to a non-party on the grounds of relevance, overbreadth, or undue burden. *See, e.g.*, *Tusa v. Israel & Sylvia Goldberg Props., L.L.C.*, No. 23-1770, 2024 WL 4142833, at *2 (E.D. La. Aug. 20, 2024) ("[A] party cannot challenge a Rule 45 subpoena directed to a third party on the basis that the subpoena is overly broad or seeks irrelevant information because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.") (footnote omitted); *Harris v. Henry*, No. 1:22-cv-00366, 2023 WL 5541077, at *3 (W.D. Tex. Aug. 28, 2023) ("A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue burden.") (citations omitted); *Parker v. Four*

11

*Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013) ("Relevance, burden or service objections fall to the subpoena's recipient to make.") (citation omitted).

Indeed, courts in this Circuit have often concluded that it is only the subpoenaed entity that can challenge a subpoena as seeking irrelevant information or imposing an undue burden. *See Schaumleffel v. Muskingum Univ.*, No. 2:17-cv-463, 2019 WL 3071851, at *3 (S.D. Ohio July 15, 2019) ("[Relevance or undue burden objections are] not Plaintiff's to make. The law is clear that only . . . the entity responding to the subpoena[ ] has standing to argue undue burden or relevance.") (collecting cases). *Sojo Prods. Inc. v. Does 1-67*, No. 3:12-CV-599, 2013 WL 1759561, at *1 (E.D. Tenn. Apr. 24, 2013) ("The Court finds that the only basis on which the Defendants could potentially quash the subpoenas is by arguing that the subpoenas require production of privileged or protected matters."); *South Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, No. 3:15-CV-151, 2016 WL 11200224, at *2 (W.D. Ky. Jan. 13, 2016) ("South Fifth lacks standing to assert arguments of undue burden or relevancy. The subpoena duces tecum was directed to and served on Wolf, not South Fifth. Consequently, if Wolf, a nonparty, considers compliance to be onerous, or the subpoena to be overbroad in its document requests so as to seek irrelevant evidence, he is entirely capable, indeed obligated, to make such arguments by way of his own motion to quash."); *State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy, LLC*, No. 14-11700, 2016

12

WL 7042201, at *3 (E.D. Mich. June 16, 2016) ("[D]efendants cannot object to the subpoena based on undue burden."); *McNaughton-McKay, Elec. Co.*, 2010 WL 2560047, at *3 ("Defendant does not have standing to argue that Chrysler's compliance with the subpoena will cause undue burden where Chrysler has not objected to the subpoena on this ground.") (citation omitted).

And while federal courts often phrase it as the party lacking standing to assert relevance or undue burden objections, this means that the party cannot object to the subpoena on those bases, not that the party can establish standing on some other ground before attacking the document request as irrelevant or imposing an undue burden. For instance, in *Hi-Vac Corp. v. Coley*, the court held that the party-movant had standing to move to quash but later pointed out that he could not raise an undue burden challenge because only the entity responding to the subpoena could make that argument. No. 2:23-cv-4184, 2025 WL 286490, at *4-5 (S.D. Ohio Jan. 24, 2025). *See also Covert Mfg., Inc. v. Covert Innovations, LLC*, No. 1:21-CV-1682, 2024 WL 904404, at *3 (N.D. Ohio Mar. 1, 2024) (assuming the party-movant had standing on its motion to quash and reminding the parties that only the subpoenaed entity had standing to argue undue burden or relevance). Nor would it make much sense for the Court to prohibit relevance and undue burden arguments from a party-movant on standing but then permit it do so on the merits of its motion to quash.

13

The non-parties here received Plaintiff's subpoenas, not Defendant. So Defendant does not bear the burden of production. If Document Request No. 3 seeks irrelevant information or imposes an undue burden on the subpoenaed non-parties, then it was their respective obligation to seek relief. "[Defendant] may not act in [their] stead to do so now." *South Fifth Towers, LLC*, 2016 WL 11200224, at *3. The motion to quash Document Request No. 3 on these grounds is therefore denied.

    b.    <u>Confidentiality</u>[3]

Defendant also asks the Court to quash Document Request No. 3 because it seeks confidential information that falls within the scope of non-disclosure agreements and that would cause harm to Defendant if disclosed to a competitor. (ECF No. 97, PageID.4571). It is worth reiterating that "federal courts commonly place the burden on the party claiming the privilege of avoiding disclosure." *Covert Mfg., Inc.*, 2024 WL 904404, at *4 (collecting authority) (citation

---

[3] Defendant wants the Court to grant its motion because Plaintiff did not substantively respond to its confidentiality objection thereby conceding the issue. (ECF No. 99, PageID.4667-68). Plaintiff did not completely ignore Defendant's confidentiality argument given that Plaintiff argued that the then-pending protective order would alleviate any confidentiality issues. The Court is not persuaded by the authority Defendant cites. Though this familiar waiver argument often comes with a citation to *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008), for the same proposition, this argument has received mixed treatment in this Court. *See Jackson v. Artis*, No. 21-11718, 2025 WL 542426, at *2 (E.D. Mich. Feb. 18, 2025) (collecting cases from the Sixth Circuit and this Court cutting both ways); *Jones v. Bengston*, No. 2:21-cv-10181, 2021 WL 4047385, at *2 (E.D. Mich. Aug. 3, 2021) (same), *report and recommendation adopted*, 2021 WL 4034218 (E.D. Mich. Sept. 3, 2021). Accordingly, the Court will assess the merits of Defendant's confidentiality objection.

modified). Once the party-movant "shows that the information falls into a protected category and that disclosure may be harmful, then the burden shifts to the requesting party to establish relevance and the need for the information." *Id.* The Court subsequently weighs the parties' respective interests. *Id.*

A party-movant's assertion of commercial and proprietary interests is not particularly unique on a motion to quash. The Northern District of Ohio recently addressed a similar argument—e.g., that a competitor's subpoenas targeted "proprietary, confidential, and trade secret information" that trigger "an undeniable personal interest" in "highly confidential and sensitive business information" that confers standing and warrants an order quashing the subpoenas. *Id.* at *5. But "[c]ourts in this circuit have determined that mere assertions of 'confidentiality' or 'trade secrets' are too vague to support a motion to quash." *Id.* (collecting cases). In the same vein, a confidentiality objection is insufficient where its proponent does not provide "specific facts" that disclosure would be harmful. *Id.* (citing *ACT, Inc. v. Worldwide Interactive Network, Inc.*, No. 3:18-CV-186, 2019 WL 13092227, at *3 (E.D. Tenn. May 17, 2019)). And "[t]hough the fact that [the parties] are direct competitors can suggest harm, other courts have determined that the suggestion alone is insufficient to meet a party's burden for a motion to quash." *Id.* The *Covert* Court also concluded that the party movant-

15

failed to satisfy its burden because, in part, an existing protective order addressed the asserted confidentiality concerns. *Id.*

With this information in mind, the Court overrules Defendant's confidentiality objection to Document Request No. 3.  For starters, Defendant has not made a sufficient showing that disclosure would be harmful.  Defendant's briefing only states in a conclusory manner that disclosure would be harmful. (ECF No. 97, PageID.4571).  It does not explain how it would be harmed by such disclosures.  And while Defendant provided a sworn declaration from a *former* employee in which the declarant avers that disclosure would be harmful, he does not provide any additional detail as to how.[4]

As far as the Court can discern, Defendant's position regarding harm relies solely on the fact that Plaintiff is a direct competitor.  But as the *Covert* Court made clear, such an assertion is not enough for a party-movant to satisfy its burden.  And though Defendant cites *Laborers Pension Fund-Detroit and Vicinity v. CRS Poured Concrete Walls, Inc.* for the position that disclosure of confidential and proprietary information "to a competitor is more harmful than disclosure to a noncompetitor," (ECF No. 97, PageID.4571), *Covert* relied on the same case to show that the status as competitors is not sufficient on its own to prevail on a

---

[4] If disclosure would be as harmful as Defendant suggests, one may expect a sworn declaration from a current employee, not a former employee who left the company at some undisclosed time.

16

motion to quash. *See Covert Mfg., Inc.*, 2024 WL 904404, at *5 (quoting *Laborers Pension Tr. Fund – Detroit & Vicinity*, No. 04-CV-74714, 2006 WL 3804912, at *8 (E.D. Mich. Dec. 22, 2006)) ("[B]road, general assertion that production of [confidential or sensitive business information] would put [defendant] at a competitive disadvantage with [plaintiff], as well as any other carrier, is not sufficient to meet this [Rule 45 motion to quash] burden.") (second and third alteration added).

Defendant's reliance on Plaintiff's status with a competitor without any further elucidation on how disclosure would be harmful is not enough to satisfy its burden on its motion to quash.

Defendant also emphasizes its NDAs with some of the subpoenaed non-parties. But Defendant did not cite authority that compels the Court to quash Document Request No. 3 because of its NDAs. Nor did Defendant provide copies of its NDAs with its motion, so the Court cannot evaluate whether Document Request No. 3 falls within the scope of those agreements. Since the Court cannot assess the NDAs, the Court is not convinced that these agreements support the relief Defendant seeks. *See Davenport v. SP Jedi Inc.*, No. 18-02580, 2019 WL 8226377, at *3 (D. Ariz. Apr. 19, 2019) ("While the NDA includes references to several statutory and regulatory provisions that may contain such a prohibition [on disclosure], it is not the Court's responsibility to scour the federal code or registrar

17

to find a prohibition Defendants contend exist but have not taken the time to identify. Therefore, the Court will not quash the subpoenas[.]"); *Hancock v. Credit Pros Int'l Corp.*, No. 2:20-cv-02826, 2021 WL 2948154, at *9 (D.N.J. July 31, 2021) (refusing to credit the party-movant's references to NDAs where it did not provide any details regarding the NDAs or provide copies for the Court to review); *Schweinfurth*, 2007 U.S. Dist. LEXIS 108652, at *7 n.1 ("Motorola does not provide the [NDAs], nor does Motorola provide any authority for the proposition that such a [NDA] could be enforced or recognized by the court in this context.").

In any event, a protective order is now in place that can adequately safeguard Defendant's confidential and proprietary materials. It is not uncommon for courts to overrule confidentiality objections when an adequate protective order is in place, and the Court sees no reason why it should not do the same here. *See Covert Mfg., Inc.*, 2024 WL 904404, at *5 (denying motion to quash subpoena based on confidentiality concerns where a protective order was in place); *Hopp v. Arthur J. Gallagher & Co.*, No. 1:18CV507, 2019 WL 2295346, at *2 (N.D. Ohio May 30, 2019) ("[S]imply claiming the documents are confidential, and thus, privileged, is insufficient grounds to quash a subpoena," particularly where a protective order is in place); *Hancock*, 2021 WL 2948154, at *9 ("Courts encountering the [confidentiality] objection raised here routinely overrule it where similar confidentiality orders are in place.").

18

   c.  Prematurity

Defendant's final argument is that "the non-parties should not be compelled to produce documents in response to Document Request No. 3 until the protective order is in place." (ECF No. 97, PageID.4572). Since the Court has entered the protective order, Defendant's contention here is moot.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to quash is **DENIED**. The subpoenaed non-parties are hereby **ORDERED** to produce documents responsive to Document Request No. 3 **within twenty-eight days of this Order**. To the extent responsive materials include Defendant's confidential and proprietary information, production is to occur according to the protective order that is in place.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 30, 2025            s/Curtis Ivy, Jr.
                                                                     Curtis Ivy, Jr.
                                                                     United States Magistrate Judge